**Luis Orlando MENDOZA–LOPEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71182.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2006.*

Filed Nov. 28, 2006.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James O. Payne, Jr., DOJ–U.S. Department of Justice Environment & Natural Resources Div., Washington, DC, for Respondent.

Before HUG and McKEOWN, Circuit Judges, and MOSKOWITZ **, District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

MEMORANDUM ***

Luis Orlando Mendoza–Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the BIA streamlined the case and issued a decision without opinion, we review the IJ's opinion. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003) (as amended). The IJ's factual findings are reviewed for substantial evidence. *Canales–Vargas v. Gonzales,* 441 F.3d 739, 742 (9th Cir.2006).

The IJ found that Mendoza–Lopez had assisted or otherwise participated in the persecution of others while he was in the Guatemalan army. A person who "ordered, incited, assisted, or otherwise participated in the persecution" of others on account of "race, religion, nationality, membership in a particular social group, or political opinion" is ineligible for asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42)(B), 1158(b)(2)(A)(i), 1231(b)(3)(B)(i); *see also* 8 C.F.R. § 208.13(c)(2)(i)(E). Mendoza–Lopez claims he was forced by the army to engage in acts that he considered "evil" and against his religion because when he refused, he was tortured. However, even involuntary conduct may rise to the level of ordering, inciting, assisting, or otherwise participating in the persecution of others. *See Fedorenko v. United States,* 449 U.S. 490, 512–13, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981) (interpreting a similarly-worded provision in the Displaced Persons Act of 1948).

Determining whether Mendoza–Lopez's conduct amounts to persecution requires a particularized evaluation of his "individual accountability." *See Miranda Alvarado v. Gonzales,* 449 F.3d 915, 926 (9th Cir.2006) (citing *Vukmirovic v. Ashcroft,* 362 F.3d 1247, 1252 (9th Cir.2004)). In this case, Mendoza–Lopez admitted to inflicting wounds on captured civilians and guerrillas, standing guard while other soldiers engaged in torture that resulted in people "shouting or moaning in pain or crying," and participating in the shooting of a civilian family that resulted in the death of a 13–year–old child. *Cf. Hernandez v. Reno,* 258 F.3d 806 (8th Cir.2001) (concluding that a Guatemalan man who was forcibly recruited by the guerrillas was not a persecutor in light of the evidence that he shot away from the civilians and escaped at the first available chance).

Although Mendoza–Lopez testified that he was tortured when he refused his superior's order to interrogate suspected guerrillas, afterwards he stayed with the army for more than the mandatory period of service. While Mendoza–Lopez testified that the army intelligence group to which he was assigned stopped him from leaving the army at the end of his required term of enlistment, he presented no evidence as to the manner in which the group allegedly prevented him from leaving. This failure is particularly relevant in light of his testimony that he was able to flee without permission approximately seven months later without any repercussions, even though the army was aware of his location. Mendoza–Lopez was paid a relatively good salary during his service in the army, and he eventually attained the rank of second sergeant. Considering the totality of Mendoza–Lopez's relevant conduct, as required under *Miranda Alvarado v. Gonzales,* 449 F.3d at 926–27, substantial evidence supports the IJ's finding that Mendoza–Lopez

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

assisted or otherwise participated in persecution on account of a protected ground.

The IJ also made an adverse credibility determination, noting certain material discrepancies between Mendoza–Lopez's oral testimony and statements made in his asylum application. Mendoza–Lopez's own testimony supports the IJ's finding that he assisted or otherwise participated in the persecution of others, which makes him ineligible for asylum and withholding of removal. Thus, we need not reach the merits of the IJ's adverse credibility determination.

Finally, the IJ denied Mendoza–Lopez's application for relief under the CAT. Eligibility for withholding of removal under the CAT requires that Mendoza–Lopez demonstrate "a chance greater than fifty percent that he will be tortured" if returned to his country. *Hamoui v. Ashcroft,* 389 F.3d 821, 827 (9th Cir.2004).

In denying Mendoza–Lopez's claim under the CAT, the IJ concluded that Mendoza–Lopez had not presented credible testimony, there was no evidence that it was more likely than not that he would be harmed upon returning to Guatemala, and that the guerrillas and the government had signed a peace accord in 1996. Even assuming that Mendoza–Lopez's testimony were credible, the evidence does not compel reversal of the IJ's denial of relief under the CAT. Mendoza–Lopez claims that he will be tortured by the army if he were to return to Guatemala. However, much of his testimony pertaining to his fear of future persecution relates to threats he received from the guerrillas, not the army. Mendoza–Lopez claims that his brother-in-law was killed and that his house was burnt down, but he is not sure who is responsible. Although Mendoza–

Lopez's claim of past torture by the army is evidence relevant to the possibility of future torture, *see Nuru v. Gonzales,* 404 F.3d 1207, 1217–18 (9th Cir.2005), it is not sufficient to warrant reversal of the IJ's decision. Substantial evidence supports the IJ's conclusion that Mendoza–Lopez failed to establish that he is more likely than not to be tortured upon his return to Guatemala.

**PETITION DENIED.**