**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ORLANDO MENDOZA-LOPEZ, | No. 07-73561 |
| Petitioner, | Agency No. A073-422-454 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Luis Orlando Mendoza-Lopez, a native and citizen of Guatemala, petitions

for review of an order of the Board of Immigration Appeals ("BIA") denying his

motion to reopen removal proceedings to apply for deferral of removal under the

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004), and we deny the petition for review.

The BIA did not abuse its discretion in denying Mendoza-Lopez's motion to reopen as untimely because it was not filed within 90 days of the BIA's underlying order, *see* 8 C.F.R. § 1003.2(c), and Mendoza-Lopez failed to demonstrate changed circumstances in Guatemala to qualify for the regulatory exception to the time limitation on motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty*, 381 F.3d at 945 (critical question is whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim now does).

Because the BIA did not abuse its discretion in denying the untimely motion for failure to demonstrate changed circumstances, we do not address Mendoza-Lopez's challenge to the BIA's alternative holding that, even if conditions in Guatemala had changed, Mendoza-Lopez failed to demonstrate changed circumstances material to his claim for CAT relief.

To the extent Mendoza-Lopez challenges the IJ's adverse credibility determination, we decline to consider his contentions because they have been considered and rejected by this court in *Mendoza-Lopez v. Gonzales*, 205 Fed. Appx. 630 (9th Cir. 2006). *See Merrit v. Mackey*, 932 F.2d 1317, 1320 (9th Cir.

07-73561

1991) (under the "law of the case doctrine," one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

**PETITION FOR REVIEW DENIED.**