Ruben MKOIAN; et al., Petitioners,

v.

**Michael B. MUKASEY,\* Acting Attorney General, Respondent.**

No. 04–72700.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 9, 2007.\*\*

Filed Nov. 16, 2007.

---

4. *See* 28 U.S.C. § 1391(b).

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Jean–Michel Voltaire, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN and McKEOWN, Circuit Judges, and KORMAN ***, Senior Judge.

## MEMORANDUM ****

Ruben Mkoian ("Mkoian"), an Armenian citizen, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's denial of his claims (and the derivative claims of his wife and son) for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT").

The parties are familiar with the facts. Mkoian was a sergeant in an Armenian equivalent of a department of motor vehicles ("DMV"). He was approached with a bribe to register stolen vehicles. He refused. A co-worker took the bribe. Mkoian reported the incident to the chief of the DMV, who told him to mind his own business. Subsequently, he and his family were subjected to attacks he believed were attempts to silence him about corruption at the DMV. He moved to Russia and then to the U.S. with his wife and two children.

Sixteen years have elapsed since Mkoian lived in Armenia and worked for the Armenian DMV. The immigration judge noted that since Mkoian arrived in the United States, the Armenian government has evidenced an interest in stopping corruption. Mkoian's fear that Armenian officials would be unable or unwilling to protect him seems unfounded because he provided little evidence that they were unable or unwilling to protect him in the past.

We proceed to the law. We review for substantial evidence. *Hernandez–Montiel v. INS,* 225 F.3d 1084, 1090 (9th Cir.2000). The record does not compel a finding that Mkoian has a well-founded fear of persecution, rendering him ineligible for asylum. *Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007). Mkoian did not establish that his refusal to register stolen cars resulted in past persecution on account of an imputed political opinion. *See Grava v. INS,* 205 F.3d 1177 (9th Cir.2000). As Mkoian cannot meet the lower standard for asylum eligibility, he necessarily fails to meet the higher standard for withholding of removal. *Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995). As to his eligibility under the CAT, he has not demonstrated that it is more likely than not that he

*** The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

would be tortured if returned to Armenia. *Hamoui v. Ashcroft,* 389 F.3d 821, 827 (9th Cir.2004); 8 C.F.R. § 208.16(c)(2).

Petitions DENIED.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.