Nermin BASILIOS; et al., Petitioners,

v.

**Eric H. HOLDER, Attorney General, Respondent.**

No. 05–71480.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2009.*

Filed Feb. 6, 2009.

diced, a prohibited inquiry under *Cuyler.* *See* 446 U.S. at 349–50, 100 S.Ct. 1708.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Natalia A. Nekrasova, Encino, CA, for Petitioners.

David V. Bernal, Regina Byrd, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HALL, SILVERMAN and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Nermin Basilios and family (collectively "Petitioners"), citizens of Egypt, appeal the BIA's decision to uphold the IJ's denial of their applications for asylum, withholding of removal, and protection under Article 3 of the Convention Against Torture.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The parties are familiar with the facts of this case, and we repeat them only to the extent necessary to understand our disposition. This court has jurisdiction pursuant to 8 U.S.C. § 1252(b). We deny the petition.

For an asylum claim, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996); *see also* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A).

■ Petitioners' asylum claim fails. The discrimination, harassment, and unfulfilled threats alleged are not sufficiently extreme to compel a finding of past persecution. *See Lanza v. Ashcroft,* 389 F.3d 917, 934 (9th Cir.2004) (describing persecution as an "extreme concept that does not include every sort of treatment our society regards as offensive"); *Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991) (holding that acts against family members may only establish a well-founded fear if they "create a pattern of persecution closely tied to the petitioner"); *Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (finding that unfulfilled threats do not typically constitute past persecution); *see also Nagoulko v. INS,* 333 F.3d 1012, 1016–17 (9th Cir. 2003) (finding that, although petitioner was "teased, bothered, discriminated against and harassed" because of her religion, the record did not compel a finding of past persecution, particularly since there had been no "significant physical violence").

■ Furthermore, substantial evidence supports that there was no objective basis for a well-founded fear of future persecu-

tion because Petitioners could avoid the harassment by relocating, and because it is only speculation that the landlord's threat would be fulfilled and then lead to persecution. *See* 8 C.F.R. § 1208.13(b)(2)(ii). Thus, Petitioners did not present evidence that compels a finding of past persecution or a well-founded fear of future persecution on account of religion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Petitioners do not meet the eligibility requirements for asylum, they do not meet the stricter requirements for withholding of removal either. *See Gomes v. Gonzales,* 429 F.3d 1264, 1266 (9th Cir. 2005).

██ Finally, because it is only a matter of speculation that the landlord would file a report with the state security, and further speculation that state security would proceed against Petitioners based on it, substantial evidence supports the BIA's finding that Petitioners failed to show it was more likely than not they would be tortured. *See Hamoui v. Ashcroft,* 389 F.3d 821, 826 (9th Cir.2004).

Petition DENIED.