Grumesew Gekuma AGA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 05–72781.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2009.*

Filed May 11, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dario Aguiree, Aguiree Law Group, A.P.C., San Diego, CA, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS and TALLMAN, Circuit Judges, and SINGLETON,** Senior District Judge.

MEMORANDUM ***

Grumesew Gekuma Aga, a citizen and native of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("BIA") that summarily affirmed the order of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition.

■ Substantial evidence does not support the IJ's finding that Aga was not persecuted on account of his political opinion. Because the IJ made no adverse credibility finding, we take Aga's testimony as true. *See Vukmirovic v. Ashcroft*, 362 F.3d 1247, 1251 (9th Cir. 2004). Aga's testimony established that he had been detained for over four months and repeatedly beaten on account of his membership in the Oromo Liberation Front ("OLF"). Even if the government's motivation for "detaining and mistreating [petitioner] was partially for reasons of security, 'in the absence of any legitimate criminal prosecution, conducted at least in part on account of political opinion, provides a proper basis for asylum and withholding of deporta-

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion, even if the [persecution] served intelligence gathering purposes.'" *Ndom v. Ashcroft*, 384 F.3d 743, 755 (9th Cir. 2004) (second alteration in original) (footnote omitted) (quoting *Ratnam v. INS*, 154 F.3d 990, 996 (9th Cir.1998)).

 Because Aga established past persecution on account of a protected ground, he is presumed to have a well-founded fear of future persecution. *See Lopez v. Ashcroft*, 366 F.3d 799, 804 (9th Cir.2004); 8 C.F.R. § 1208.13(b)(1)(i). We remand to the BIA to determine whether conditions in Ethiopia have changed, and if so, to conduct an "individualized analysis of how changed conditions will affect [Aga's] situation." *Borja v. INS*, 175 F.3d 732, 738 (9th Cir.1999) (en banc); *see INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

We also remand to the BIA for reconsideration of Aga's withholding of removal claim. *See Ventura*, 537 U.S. at 16, 123 S.Ct. 353; *Lopez*, 366 F.3d at 807 n. 5 (remanding petitioner's claim for withholding of deportation where it was not possible to ascertain how the BIA would rule in light of the court's decision to remand petitioner's claim for asylum).

Finally, the IJ erred in conflating Aga's claims for asylum and CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003). The IJ recited the definition of torture under the eligibility requirements for asylum and explicitly applied the "same analysis" to decide the asylum, withholding, and CAT claims. *See Hamoui v. Ashcroft*, 389 F.3d 821, 827–28 (9th Cir.2004) ("It is improper to equate evidence needed to sustain a claim of asylum with evidence needed to establish a claim under the Convention Against Torture; the two claims are analytically and factually different."). The IJ did not mention the distinct legal standard for CAT claims. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001) (remanding where BIA "failed to recognize the central distinction that claims for relief under the Convention are analytically separate from claims for asylum under INA § 208 and for withholding of removal under INA § 241(b)(3)"). We remand for the BIA to consider Aga's claim for CAT relief under the proper legal standard. *See id.* at 1282 (discussing requirements of 8 C.F.R. §§ 208.16(c)).

**PETITION FOR REVIEW GRANTED; REMANDED.**