**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMUNDO NOEL GALVAN RAMOS, Jr.; MONETTE DOMAGAS RAMOS; NATALIE LOUISE DOMAGAS RAMOS, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 04-75956 <br><br> Agency Nos.A096-167-183 <br> A096-167-184 <br> A096-167-185 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2010[**]
San Francisco, California

Before:     O'SCANNLAIN, TASHIMA, BEA, Circuit Judges.

Raymundo Noel Galvan Ramos, Jr. ("Ramos"), his wife Monette Domagas

Ramos, and their daughter Natalie Louise Domagas Ramos, natives and citizens of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

the Philippines, petition for review of the Board of Immigration Appeals' ("BIA")

affirmance of the decision of the Immigration Judge ("IJ") denying their

application for asylum, and Ramos' application for withholding of removal and

protection under the Convention Against Torture ("CAT").[1]

## BACKGROUND

The IJ found Ramos not credible and denied his petitions for asylum and

withholding of removal. The IJ also determined that Ramos could safely relocate

within the Philippines. Finally, the IJ held that Ramos had not demonstrated

eligibility for CAT relief. The BIA upheld the IJ's denial of relief on the bases of

the adverse credibility and relocation findings.

## DISCUSSION

We have jurisdiction to consider Ramos' petition for review of the BIA's

decision pursuant to 8 U.S.C. § 1252(a). We review the decision of the BIA for

substantial evidence and "'must uphold the BIA's finding[s] unless the evidence

compels a contrary result.'" *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir.

2008) (quoting *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006)).

Because the BIA did not specify what standard of review it applied in affirming the

---

[1] Ramos' wife and daughter are derivative applicants to his petition for asylum.

IJ's decision, we "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir. 2000).

Because at least one of the grounds identified by the IJ as a basis for the adverse credibility determination that the BIA upheld is material and goes to the heart of Ramos' claim, we hold that the adverse credibility finding is supported by substantial evidence. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004). Ramos testified that in January 2001, he was threatened and harassed because he and his uncle were publicly announcing through his uncle's political campaign that the mayor and a former councilor were involved in the drug trade. The IJ noted that a February 25, 2001, article in the local paper undermined this testimony. The paper's interview with Ramos' uncle indicates that Ramos' uncle had nothing against the mayor. Further, Ramos testified that it was not until March 2001 that he and his uncle campaigned door-to-door and told voters about the mayor's involvement in the drug trade. These inconsistencies call into question whether the harassment Ramos experienced was politically motivated, and whether Ramos and his uncle were engaged in political speech against the mayor. When given an opportunity to explain the discrepancy between his testimony and the newspaper article, Ramos was unable to do so.

In the absence of credible testimony, Ramos has not met his burden of proof of establishing that he is eligible for asylum. *See* 8 C.F.R. § 208.13(a) (2009). The additional documentary evidence that Ramos proffered in support of his application frequently contradicted, rather than corroborated, his testimony such that the IJ did not know what to believe. Having failed to establish his eligibility for asylum, Ramos necessarily fails to meet the more demanding burden of proof for demonstrating eligibility for withholding of removal.

Ramos' failure to establish eligibility for asylum does not necessarily doom his application for relief under the CAT. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001). However, the IJ, after reviewing the country conditions evidence, found that Ramos does not have a "chance greater than fifty percent that he will be tortured" upon return to the Philippines. *Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004). Furthermore, the IJ found that Ramos could safely relocate within the Philippines because his alleged persecutors are located in a very small geographic area and Ramos introduced no credible evidence that they would be able to find him elsewhere in the country. *See* 8 C.F.R. § 208.16(c)(3)(ii) (2009). We agree. In the absence of credible testimony that Ramos suffered past torture, or country conditions of widespread torture, and in light of the finding that

-4-

relocation would be possible, Ramos has not met his burden of establishing eligibility for relief under the CAT.

The petition for review is **DENIED.**