**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODULIO ADONAY PADILLA-SARMIENTO, AKA Rodulio Padilla Adonay, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-71688 <br><br> Agency No. A096-386-723 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 16, 2011
San Francisco, California

Before: PAEZ, BERZON, and BEA, Circuit Judges.

Rodulio Adonay Padilla-Sarmiento ("Padilla-Sarmiento"), a native and

citizen of Honduras, petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision

denying his application for asylum, withholding of removal, and protection under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the BIA's determination of purely legal issues, *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010), and we review for substantial evidence the BIA's denial of asylum, withholding of removal, and CAT relief. *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007). We grant in part and deny in part the petition for review and we remand.

Padilla-Sarmiento first contends that he has demonstrated past persecution and a well-founded fear of future persecution on account of his gang membership in Honduras and his former gang affiliation. He therefore argues that he is eligible for asylum and withholding of removal. This contention is foreclosed by our intervening caselaw. *See Arteaga v. Mukasey*, 511 F.3d 940, 944–46 (9th Cir. 2007) (holding that neither current nor former gang members constitute a particular social group); *see also E-A-G-*, 24 I & N Dec. 591, 599 (BIA 2008). Accordingly, we deny the petition as to the asylum and withholding of removal claims. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009).

Padilla-Sarmiento also argues that the BIA erroneously excluded the testimony of Jorge Avila ("Avila"). Specifically, Padilla-Sarmiento contends that Avila's testimony would have supported his application for asylum, withholding of removal, and CAT relief. At his hearing, Padilla-Sarmiento attempted to call Avila

2

as a witness. Relying on 8 C.F.R § 1208.6[1], the IJ excluded Avila's testimony because he failed to provide the court with a written confidentiality waiver after being advised by his attorney. Padilla-Sarmiento contends that the exclusion of Avila's testimony violated his due process right to a fair hearing. To the extent this argument relates to the claims for asylum and withholding of removal, for the reasons explained above, we agree with the BIA that any such error was harmless.

Avila's testimony was also relevant to Padilla-Sarmiento's claim for relief under CAT. The BIA, however, failed to address the exclusion of Avila's testimony as it related to Padilla-Sarmiento's CAT claim, which does not require a nexus to a protected ground. 8 C.F.R. § 1208.16(c)(2). Avila's testimony was likely probative of whether Padilla-Sarmiento is eligible for CAT relief. Importantly, according to Padilla-Sarmiento's counsel, Avila would have testified that, he "was in the same gang as [] [Padilla-Sarmiento], had the same tattoos, went back, and was arrested and, severally mistreated by the Honduran police . . . ." AR 240, 273. Although the BIA determined that the exclusion of Avila's testimony

---

[1] 8 C.F.R. § 1208.6(a) provides:
Information contained in or pertaining to any asylum application, records pertaining to any credible fear determination conducted pursuant to § 1208.30, and records pertaining to any reasonable fear determination conducted pursuant to § 1208.31, shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of the Attorney General.

3

was harmless error as it related to the asylum and withholding of removal claims, it did not make a similar ruling with respect to CAT relief. Moreover, the BIA failed to consider whether, in light of Avila's willingness to waive any right of confidentiality, the IJ properly invoked § 1208.6 to exclude Avila's testimony. Accordingly, we remand Padilla-Sarmiento's CAT claim so that the BIA can address these issues in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16–18 (2002) (per curiam) (holding that where issues were not considered by the BIA, remand is appropriate).

PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.

Each party shall bear its own costs on appeal.

*Padilla-Sarmiento v. Holder*, No. 09-71688

BEA, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that Padilla-Sarmiento is not eligible for asylum or withholding of removal because neither current nor former gang members constitute a particular social group under our case law. *Arteaga v. Mukasey*, 511 F.3d 940, 944–46 (9th Cir. 2007). I disagree, however, with the majority's conclusion that the exclusion of testimony of Jorge Avila ("Avila") prejudiced Padilla-Sarmiento with respect to his claim for protection under the Convention Against Torture ("CAT"). Therefore, I dissent.

First, Padilla-Sarmiento failed to raise the issue whether CAT relief requires one to be a member of a particular social group before the BIA. Hence, this court lacks jurisdiction to consider this contention for the first time on appeal. *Sanchez-Crus v. INS*, 255 F.3d 775, 780 (9th Cir. 2001) (failure to exhaust administrative remedies on an issue prevents this court from exercising judicial review of the issue).

Second, even had Padilla-Sarmiento exhausted this issue, he failed to demonstrate that he was prejudiced by the exclusion of Avila's testimony, such that remand is necessary. The alien bears the burden of demonstrating that the challenged proceeding "was so fundamentally unfair that the alien was prevented

1

from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (internal citation omitted). The alien also bears the burden of demonstrating prejudice. *Id*.

Padilla-Sarmiento presented testimony similar to that proffered as Avila's from his two cousins, who upon arrival at the airport in Honduras, were arrested by the police and beaten for their tattoos. AR 192–93; 589–90. In particular, the Immigration Judge ("IJ") determined that Padilla-Sarmiento was credible and thus believed his testimony regarding his cousin's arrest and subsequent beating. Avila's testimony that he was also stripped and arrested by the police at the airport, for his gang tattoos, would be cumulative and would not substantially add anything new to the hearing.[1]

Additionally, contrary to the testimony of Padilla-Sarmiento's cousins and Avila's proffered testimony, the country condition report which Padilla-Sarmiento himself submitted, stated that the Honduran authorities have taken action to investigate and prosecute anyone suspected of torturing individuals who are

---

[1] The IJ specifically stated that she would give Avila's testimony only "limited weight" if she did allow him to testify because she agreed with the government attorney that the record already contained a country condition report and the fact that "one person went back to Honduras, was arrested, was beaten, and then [was] released and returned to the United States cannot be determinative in this case." AR 275.

2

perceived to be gang members. ER 391. The IJ focused on this point in her opinion and stated that given the country condition report, Padilla-Sarmiento did not demonstrate that "the government consents or acquiesces in the murder or torture of gang members." AR 47.

Finally, Padilla-Sarmiento himself admitted to the IJ that if he chooses not to wear baggy clothes, grows out his hair, and his remaining tattoos are covered, he would likely not be noticed by the Honduran police. AR 302. Hence, even with Avila's testimony, Padilla-Sarmiento would not be able to prove that he faces a chance greater than fifty percent that he will be tortured at the hands of the government if removed. *Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004). I would thus deny the petition for review.

I therefore respectfully dissent.