BEA, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that PadillaSarmiento is not eligible for asylum or withholding of removal because neither current nor former gang members constitute a particular social group under our case law. Arteaga v. Mukasey, 511 F.3d 940, 944-46 (9th Cir.2007). I disagree, however, with the majority’s conclusion that the exclusion of testimony of Jorge Avila (“Avila”) prejudiced Padilla-Sarmiento with respect to his claim for protec *766 tion under the Convention Against Torture (“CAT”). Therefore, I dissent.
First, Padilla-Sarmiento failed to raise the issue whether CAT relief requires one to be a member of a particular social group before the BIA. Hence, this court lacks jurisdiction to consider this contention for the first time on appeal. Sanchez-Cruz v. INS, 255 F.3d 775, 780 (9th Cir.2001) (failure to exhaust administrative remedies on an issue prevents this court from exercising judicial review of the issue).
Second, even had Padilla-Sarmiento exhausted this issue, he failed to demonstrate that he was prejudiced by the exclusion of Avila’s testimony, such that remand is necessary. The alien bears the burden of demonstrating that the challenged proceeding “was so fundamentally unfair that the alien was prevented from reasonably presenting his case.” Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000) (internal citation omitted). The alien also bears the burden of demonstrating prejudice. Id.
Padilla-Sarmiento presented testimony similar to that proffered as Avila’s from his two cousins, who upon arrival at the airport in Honduras, were arrested by the police and beaten for their tattoos. AR 192-93; 589-90. In particular, the Immigration Judge (“IJ”) determined that Padilla-Sarmiento was credible and thus believed his testimony regarding his cousin’s arrest and subsequent beating. Avila’s testimony that he was also stripped and arrested by the police at the airport, for his gang tattoos, would be cumulative and would not substantially add anything new to the hearing.[1]
Additionally, contrary to the testimony of Padilla-Sarmiento’s cousins and Avila’s proffered testimony, the country condition report which Padilla-Sarmiento himself submitted, stated that the Honduran authorities have taken action to investigate and prosecute anyone suspected of torturing individuals who are perceived to be gang members. ER 391. The IJ focused on this point in her opinion and stated that given the country condition report, Padilla-Sarmiento did not demonstrate that “the government consents or acquiesces in the murder or torture of gang members.” AR 47.
Finally, Padilla-Sarmiento himself admitted to the IJ that if he chooses not to wear baggy clothes, grows out his hair, and his remaining tattoos are covered, he would likely not be noticed by the Honduran police. AR 302. Hence, even with Avila’s testimony, Padilla-Sarmiento would not be able to prove that he faces a chance greater than fifty percent that he will be tortured at the hands of the government if removed. Hamoui v. Ashcroft, 389 F.3d 821, 827 (9th Cir.2004). I would thus deny the petition for review.
I therefore respectfully dissent.

. The IJ specifically stated that she would give Avila's testimony only "limited weight” if she did allow him to testify because she agreed with the government attorney that the record already contained a country condition report and the fact that "one person went back to Honduras, was arrested, was beaten, and then [was] released and returned to the United States cannot be determinative in this case.” AR 275.