**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JACOBO DE JESUS VENTURA, | No. 09-70141 |
| Petitioner, | |
| | Agency No. A070-510-351 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2011[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Jacobo De Jesus Ventura petitions for review of a decision by the Board of

Immigration Appeals ("BIA") affirming the denial of Ventura's applications for

asylum, withholding of removal, protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT") and relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252, and we deny the petition for review.

The facts of this case are known to the parties. We do not repeat them.

We review the BIA's factual findings for substantial evidence and its legal conclusions de novo. *See Benyamin v. Holder*, 579 F.3d 970, 974 (9th Cir. 2009). Because the BIA conducted its own review of these claims, we review only the BIA's decision, except to the extent the BIA expressly adopted the IJ's decision. *See Chawla v. Holder*, 599 F.3d 998, 1001 (9th Cir. 2010).

To qualify for asylum, Ventura must show that he is a "refugee." *See* 8 U.S.C. § 1158(a). A refugee is a person who "is unable or unwilling to return to" his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* § 1101(a)(42)(A). To be eligible for withholding of removal, Ventura must prove "it is more likely than not that he would be subject to persecution" on one of these grounds. *See Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (internal quotation marks omitted).

The BIA properly denied Ventura's asylum and withholding of removal claims because Ventura failed to establish a nexus between his fear of persecution

and one of the protected grounds listed in 8 U.S.C. § 1101(a)(42)(A). The only incident of past persecution is Ventura's encounter with his neighbor, but Ventura's testimony indicates that these threats arose out of a personal conflict between Ventura's father and neighbor, not on account of Ventura's political opinions or organizational membership. "'[P]ersonal retribution is, of course, not persecution on account of'" a protected basis. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (internal quotation marks omitted).

Further, Ventura's fear of being kidnaped is not a sufficient basis for asylum or withholding of removal. "Asylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010). Ventura produced no evidence that he would actually be targeted for kidnaping, and even if he had, immigrants returning to their home country after living in the United States do not comprise a cognizable social group. *See id.* at 1151-52 (holding that "'returning Mexicans from the United States'" did not qualify as a social group).

The BIA also properly denied Ventura's CAT claim because Ventura has not shown a "greater than fifty percent [chance] that he will be tortured if removed to" El Salvador. *See Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004). Ventura offered no evidence to show that his neighbor would persist in or act on the threats

that he made more than twenty years ago. Ventura's speculation that he might be kidnaped does not establish a likelihood of torture. *See Delgado-Ortiz*, 600 F.3d at 1152 (concluding that "generalized evidence of violence and crime in Mexico" did not warrant CAT relief).

Finally, regarding Ventura's NACARA claim, any possible exhaustion problem was cured by the BIA's decision to review and resolve this issue on the merits. *See Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc) (holding that "[w]hen the BIA has ignored a procedural defect and elected to consider an issue on its substantive merits, we cannot then decline to consider the issue based upon this procedural defect"). We retain jurisdiction over "constitutional claims or questions of law" regarding a NACARA claim. *See Barrios v. Holder*, 581 F.3d 849, 857 (9th Cir. 2009) (internal quotation marks omitted).

We agree with the BIA that Ventura's NACARA claim fails. The record indicates Ventura stipulated before an IJ that he is not eligible for NACARA relief because he did not timely file his request. Another IJ later ruled that Ventura was not eligible because of two prior drug convictions. The BIA noted that Ventura "suffered multiple convictions, including drug-related convictions" and "does not otherwise address on appeal his eligibility for NACARA relief." Given these

4

circumstances, we agree with the BIA that Ventura "has not shown reversible error."

DISMISSED.