389 F.3d 821
 Safouh HAMOUI; Hanan Ismail; Sozan Hamoui; Nadin Hamoui; Rham Hamoui, Petitioners,
v.
John ASHCROFT, Attorney General, Respondent.
Safouh Hamoui; Hanan Ismail; Nadin Hamoui; Rham Hamoui, Petitioners-Appellants,
v.
William Johnston, District Director; Immigration and Naturalization Service, Respondents-Appellees,
Aaron G. Wilson, Respondent.
Safouh Hamoui; Hanan Ismail; Nadin Hamoui; Rham Hamoui, Petitioners-Appellees,
v.
Aaron G. Wilson, Interim District Director; Bureau of Immigration and Customs Enforcement, Respondents-Appellants.
 No. 02-72480.
 No. 03-35082.
 No. 03-35286.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 29, 2004.
 Filed November 8, 2004.
 
 COPYRIGHT MATERIAL OMITTED Bernice Funk; Michael B. King, Lane, Powell, Spears, Lubersky, LLP; Seattle, WA, for the petitioners/appellants/cross-appellees.
 Andrew C. Maclachlan, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for the respondents/appellees/cross-appellants.
 On Petition for Review of an Order of the Board of Immigration Appeals. D.C. No. CV-02-01145-BJR.
 Appeal from the United States District Court for the Western District of Washington; Barbara Jacobs Rothstein, District Judge, Presiding. D.C. No. CV-02-01145-MJP.
 Before: CANBY, WARDLAW, and GOULD, Circuit Judges.
 CANBY, Circuit Judge:
 
 
 1
 Safouh Hamoui brings before us a petition for review of an order of the Board of Immigration Appeals ("BIA"), as well as an appeal from the district court.[1] The petition for review is determinative here. The BIA denied as untimely Hamoui's motion to reopen his deportation proceedings to present a claim for relief under the Convention Against Torture.[2] The BIA further held that ineffective assistance of counsel did not excuse the untimeliness because there was no prejudice: the evidence already of record and Hamoui's additional showing did not establish that he would be tortured if deported to Syria. We conclude that the Board abused its discretion in denying Hamoui's petition because it both applied the wrong standard and inappropriately based its denial of relief on evidence and findings in Hamoui's 1997 asylum hearing. Hamoui's showing presents a prima facie case for relief. We therefore grant the petition for review, reverse the BIA's decision, and remand to the BIA with instructions to afford Hamoui a full evidentiary hearing on his claim under the Convention Against Torture.
 
 
 2
 Hamoui also filed a petition for habeas corpus in district court to stay his deportation, again relying on his claim under the Convention Against Torture. The district court ultimately dismissed the habeas petition, but enjoined Hamoui's deportation pending further proceedings in our court on Hamoui's petition for review. Our disposition of the petition for review renders moot Hamoui's appeal and the Immigration and Naturalization Service's ("INS") cross-appeal from the district court. We therefore vacate the district court's injunction and dismiss those appeals.
 
 Factual Background
 
 3
 Hamoui, a former pilot in the Syrian air force, entered the United States as a visitor for pleasure in 1992. He overstayed his visa and subsequently applied for asylum. His asylum claim was administratively denied and deportation proceedings were initiated against him.
 
 
 4
 Hamoui had a hearing in 1997 before an Immigration Judge on his claims for asylum and withholding of deportation. The Immigration Judge determined that Hamoui had failed to demonstrate past persecution or a fear of future persecution on one of the five statutorily protected grounds.[3] Hamoui appealed to the BIA, which affirmed the Immigration Judge's decision.[4] At this point in the proceedings, Hamoui made the first of four attorney changes.
 
 
 5
 Hamoui's new attorney, Antonio Salazar, petitioned this court for review of the BIA's decision, but failed to apply for protection under the Convention Against Torture, a remedy that had become available in 1999. This court denied Hamoui's petition for review. See Hamoui v. INS, 216 F.3d 1083 (9th Cir.2000) (unpublished disposition). Hamoui subsequently switched attorneys again, hiring Dennis Olsen.
 
 
 6
 Olsen moved to reopen INS proceedings in order to make a claim under the Convention Against Torture, but Olsen filed a facially inadequate motion and then failed to seek the required stay of deportation. Because Olsen failed to file an application for a stay of deportation, the INS notified the Hamoui family that they were to depart voluntarily by July 5, 2000, or they would be deported. On the advice of Olsen, the Hamoui family failed to report for voluntary departure. On August 22, 2000, Olsen finally filed a facially adequate but untimely motion to reopen to assert Hamoui's rights under the Convention Against Torture. Nothing further happened in Hamoui's case until February 2002, when the Hamoui family was arrested and placed in federal detention. On March 7, 2002, the BIA denied as untimely Hamoui's motion to reopen.[5] At this point, Hamoui retained current counsel, Bernice Funk. On March 27, 2002, Hamoui filed another motion to reopen with the BIA, asserting ineffective assistance of prior counsel.[6] Hamoui also filed a petition for habeas corpus in the United States District Court for the Western District of Washington, seeking the release of the Hamoui family from federal detention and an injunction that would prevent the INS from deporting the Hamoui family.[7] Hamoui twice sought emergency stays of deportation from the BIA, which denied the requests. The district court, however, did initially grant a temporary stay of deportation, which it then extended until further order of the district court.
 
 
 7
 On August 2, 2002, the BIA denied Hamoui's motion to reopen and reconsider, rejecting Hamoui's claim of ineffective assistance of counsel on the ground that there had been no prejudice. Hamoui immediately sought review by the petition for review that is now before us.
 
 
 8
 Once notified of the BIA's decision, the district court dismissed Hamoui's habeas corpus petition for lack of jurisdiction but opted to keep its stay in effect. In a subsequent order, the district court clarified that it had not granted Hamoui a stay of removal but, rather, had entered an injunction against the INS, which prevented the INS from deporting the Hamoui family before we could rule on his petition for review. Hamoui appeals the dismissal of his habeas claim by the district court. The INS[8] cross-appeals the district court's injunction.
 
 
 9
 * The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), apply to Hamoui's petition for review because deportation proceedings were begun prior to April 1, 1997, and a final order of deportation was entered after October 30, 1996. See Rodriguez-Lariz v. INS, 282 F.3d 1218, 1222 (9th Cir.2002); Kalaw v. INS, 133 F.3d 1147, 1150 (9th Cir.1997). Under IIRIRA's transitional rules, we have jurisdiction to review the BIA's denial of a motion to reopen under the now-repealed § 106(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1105a(a). See Rodriguez-Lariz, 282 F.3d at 1222; Socop-Gonzalez v. INS, 272 F.3d 1176, 1183 (9th Cir.2001) (en banc). The Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), supra note 2, provides that we may review claims under the Convention Against Torture only as part of review of a final order of removal. FARRA, § 2242(d). Denial of a motion to reopen to present a claim under the Convention qualifies as a final order of removal. See Khourassany v. INS, 208 F.3d 1096, 1099-1100 & n. 4 (9th Cir.2000). We therefore have jurisdiction to address Hamoui's petition for review.
 
 
 10
 We review for an abuse of discretion the BIA's denial of a motion to reopen. See INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); Siong v. INS, 376 F.3d 1030, 1036 (9th Cir.2004). The BIA abuses its discretion when it acts "`arbitrarily, irrationally, or contrary to law.'" Chete Juarez v. Ashcroft, 376 F.3d 944, 947 (9th Cir.2004) (quoting Singh v. INS, 213 F.3d 1050, 1052 (9th Cir.2000)). We review de novo questions of law and claims of due process violations in deportation proceedings. See Cano-Merida v. INS, 311 F.3d 960, 964(9th Cir.2002); Rodriguez-Lariz, 282 F.3d at 1222. We review the BIA's factual findings for substantial evidence. See Azanor v. Ashcroft, 364 F.3d 1013, 1018 (9th Cir.2004).
 
 II
 
 11
 * Before the BIA, the INS did not contest Hamoui's assertions that his failure timely to file a motion to reopen for purposes of a claim under the Convention Against Torture was due to the ineffective assistance of his prior counsel. The BIA recited the many failures of counsel and assumed deficient performance. We conclude that the attorneys' constitutionally deficient performance was established. Ineffective assistance of counsel amounting to a due process violation permits untimely reopening. See Varela v. INS, 204 F.3d 1237, 1240 n. 6 (9th Cir.2000). The BIA denied reopening on the ground urged by the INS: it held that Hamoui had not been prejudiced by counsels' performance because his claim under the Convention Against Torture was deficient on the merits. The issues before us, therefore, are whether the grounds upon which the BIA found no prejudice were erroneous, and whether Hamoui presented sufficient evidence of torture to require further evidentiary proceedings. We resolve both issues in Hamoui's favor.
 
 B
 
 12
 To qualify for reopening of deportation proceedings under the Convention Against Torture, a petitioner must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); Khup v. Ashcroft, 376 F.3d 898, 906 (9th Cir.2004); Azanor, 364 F.3d at 1018. A claim under the Convention differs from an asylum claim because there is no requirement that the petitioner show that torture will occur on account of a statutorily protected ground. See Khup, 376 F.3d at 906-07. Torture is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person" for the purposes of obtaining information or a confession, punishing the person, intimidating or coercing the person, or "for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent and acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1); see also Cano-Merida, 311 F.3d at 966. In assessing whether it is more likely than not that a petitioner will be tortured in the proposed country of removal, "all evidence relevant to the possibility of future torture shall be considered, including, but not limited to:" evidence of past torture inflicted upon the petitioner; evidence of gross, flagrant, or mass violations of human rights within the country of removal; and any other relevant information regarding conditions in the country of removal. 8 C.F.R. § 208.16(c)(3); see also Singh v. Ashcroft, 351 F.3d 435, 443 (9th Cir.2003). Thus, "in addition to claims of past persecution, an [Immigration Judge] must consider evidence of current country conditions" when adjudicating a claim under the Convention Against Torture. Khup, 376 F.3d at 907.
 
 
 13
 In its denial of Hamoui's motion to reopen, the BIA found that Hamoui had an adequate opportunity to testify regarding his fear of future persecution at his asylum hearing. The BIA then held that Hamoui's testimony, even if supplemented by expert testimony, failed to establish that Hamoui "will be tortured by Syrian authorities." We find that the BIA abused its discretion in denying Hamoui's motion to reopen on two grounds. First, the BIA used the wrong standard of proof for relief under the Convention Against Torture. Second, the BIA inappropriately placed too much weight on the Immigration Judge's decision in Hamoui's asylum hearing. The BIA held that Hamoui failed to establish that he "will be tortured by Syrian authorities." That is not the standard for relief under the Convention Against Torture. Under the Convention Against Torture, a petitioner need prove only that it is "more likely than not" that he will be tortured if removed to the proposed country of removal. 8 C.F.R. § 208.16(c)(2); Khup, 376 F.3d at 906; Azanor, 364 F.3d at 1018. Hamoui, therefore, has to show only a chance greater than fifty percent that he will be tortured if removed to Syria. See Khup, 376 F.3d at 907. To the extent that the BIA required Hamoui to demonstrate a higher probability of torture, it abused its discretion.
 
 
 14
 The BIA also abused its discretion in ruling that Hamoui's Convention Against Torture claim was "fully analyzed in the Immigration Judge's decision." Hamoui's testimony before the Immigration Judge revolved exclusively around his asylum claims of past persecution and his fear of future persecution and whether that persecution was on account of a protected statutory ground. It is improper to equate evidence needed to sustain a claim of asylum with evidence needed to establish a claim under the Convention Against Torture; the two claims are analytically and factually different. See Kamalthas v. INS, 251 F.3d 1279, 1282-83(9th Cir.2001). Hamoui's asylum claims were based on his fears that he would be arrested for violating Syrian currency laws if he were returned to Syria, and also on a series of interrogations Hamoui was subjected to by the Syrian government.[9] The Immigration Judge found Hamoui credible, but denied asylum and withholding of deportation because Hamoui had not demonstrated persecution on account of any statutorily protected ground. The Immigration Judge never made a finding as to whether Hamoui had demonstrated a likelihood of torture, nor did the Immigration Judge take current country conditions in Syria into account. Indeed, relief under the Convention Against Torture was not even available in 1997, when Hamoui had his hearing before the Immigration Judge. The BIA abused its discretion by finding that the Immigration Judge's asylum ruling negated Hamoui's torture claim. See id. at 1284.
 
 
 15
 Hamoui introduced evidence from the United States Department of State and Human Rights Watch that indicates that detainees in the custody of Syrian security forces are tortured.[10] Hamoui has submitted an affidavit that he believes he will be detained and tortured if removed to Syria not only because of his prior currency violation and interrogations by Syrian officials, but also because of his continued presence in the United States and the publicity surrounding his case. "The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof [of likelihood of torture] without corroboration." 8 C.F.R. § 208.16(c)(2). In addition, Hamoui submitted the opinions of three individuals who have expertise in human rights violations in Syria and the Middle East, all of whom opined that it was "more likely than not" that Hamoui would be tortured if he were deported to Syria. Hamoui has therefore established a prima facie case under the Convention Against Torture and is entitled to a full hearing on the matter before an Immigration Judge. We therefore grant the petition for review, reverse the BIA's order, and remand to the BIA with instructions to afford Hamoui an evidentiary hearing and findings, and any appropriate relief, on his claim under the Convention Against Torture, subject to the stay provisions governing timely claims. See 8 C.F.R. § 208.18(b)(3)(ii)(A).
 
 III
 
 16
 The district court entered its injunction in order to preserve the status quo until we had had an opportunity to dispose of Hamoui's petition for review. Our disposition of that petition today renders the injunction moot, and we vacate it. Hamoui's appeal of the district court's dismissal of his habeas petition is also moot. We therefore dismiss both Hamoui's appeal from the district court and the INS' cross-appeal of the injunction. Because the district court had already dismissed the habeas petition for lack of jurisdiction, there are no further district court proceedings pending in this case.
 
 Conclusion
 
 17
 We conclude that the BIA abused its discretion in denying Hamoui's petition to reopen INS proceedings so that Hamoui could apply for relief under the Convention Against Torture. We therefore grant the petition for review, reverse the order of the BIA, and remand to the BIA with instructions to afford Hamoui a hearing and findings, and any appropriate relief, on his claim under the Convention Against Torture, subject to the stay provisions applicable to timely-filed motions to reopen. Hamoui's appeal from the district court and the INS' cross-appeal are dismissed as moot, and the district court's injunction is vacated.
 
 
 18
 No. 02-72480: PETITION FOR REVIEW GRANTED, REVERSED and REMANDED with instructions.
 
 
 19
 Nos. 03-35082 and 03-35286: APPEALS DISMISSED AS MOOT; INJUNCTION VACATED.
 
 
 
 Notes:
 
 
 [1]
 Four members of Hamoui's family are also petitioners and appellants here. Because their claims are derivative of Hamoui's, we confine our analysis to Hamoui and his claims
 
 
 [2]
 Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, April 18, 1988, S. TREATY DOC. NO. 100-20 (1988). Article 3 of the Treaty, which forbids removal of a person to a country "where there are substantial grounds for believing that he would be in danger of being subjected to torture," was implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1998 § 2242, Pub.L. No. 105-277, Div. G, 112 Stat. 2681, 2681-761 (1998)
 
 
 [3]
 The relief of asylum is available only to petitioners who demonstrate that they were persecuted, or have a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinionSee 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). The relief of withholding of removal sought by Hamoui required a showing that his life or freedom would be threatened on the same grounds. See 8 U.S.C. § 1231(b)(3)(A).
 
 
 [4]
 Hamoui was not allowed to file a brief on appeal because his attorney at the time, Randall Hall, submitted the brief almost two months late
 
 
 [5]
 Under 8 C.F.R. § 208.18(b)(2), an alien whose order of deportation became final prior to the regulatory implementation of the Convention Against Torture on March 22, 1999, had until June 21, 1999, to file a motion to reopen. Hamoui's was not filed until August 22, 2000
 
 
 [6]
 Hamoui filed unsuccessful Supplemental Motions to Reopen and Reconsider on April 15, 2002, May 8, 2002, May 14, 2002, and July 24, 2002
 
 
 [7]
 All members of the Hamoui family were released by December 18, 2002
 
 
 [8]
 In March 2003, the Department of Justice transferred the functions of the INS to the newly created Department of Homeland SecuritySee Homeland Security Act of 2002, Pub.L. No. 107-296 § 471, 116 Stat. 2135 (2002); Damon v. Ashcroft, 360 F.3d 1084, 1087 n. 4 (9th Cir.2004). Because all of Hamoui's petitions were filed prior to 2003, we refer to the INS, rather than the Department of Homeland Security.
 
 
 [9]
 Hamoui was interrogated on at least three occasions — once after he spoke out against the war in Lebanon in 1982, once about his wife's enrollment in an English language institute, and once after Hamoui experienced difficulty landing a plane that had Syrian government officials aboard it
 
 
 [10]
 The 2001 Department of State Country Report on Human Rights Practices in Syria states that former prisoners or detainees have reported methods of torture including: administering electrical shocks, pulling out fingernails, forcing objects into the rectum, beating, hyperextending the spine, and using a chair that bends backwards to asphyxiate the victim or fracture the victim's spineSee BUREAU OF DEMOCRACY, HUMAN RIGHTS, AND LABOR, U.S. DEP'T OF STATE, COUNTRY REPORTS ON HUMAN RIGHTS PRACTICES: SYRIA (2002), available at http://www.state.gov/g/drl/rls/hrrpt/ 2001/nea/8298.htm.