Marina A. TZAFIR; Binyamin I. Tzafir; Yonatan B. Tzafir; Eliyahu B. Tzafir; Sigal B. Tzafir, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Marina A. Tzafir; Binyamin I. Tzafir; Yonatan B. Tzafir; Eliyahu B. Tzafir; Sigal B. Tzafir, Petitioners,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 05–75369, 06–73230.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Nov. 21, 2008.

David N. Shomloo, Esquire, Law Offices of David N. Shomloo, LLC, Portland, OR, Elena E. Tsiprin, Esquire, Law Offices of Elena E. Tsiprin, Bellevue, WA, for Petitioners.

Thomas Fatouros, Esquire, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Oil, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Mark Christopher Walters, Esquire, Assistant Director, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, ORP–District Director, Office of the District Director Department of Homeland Security, Portland, OR, for Respondent.

Before: THOMPSON, TASHIMA and M. SMITH, Circuit Judges.

## MEMORANDUM *

Marina Tzafir, a native of Uzbekistan, her husband Binyamin, a native of Georgia, and their three children (together "Tzafir") [1], all citizens of Israel, petition for review of two orders of the Board of Immigration Appeals ("BIA"). In No. 05–75369, the BIA affirmed the Immigration Judge's ("IJ") order of removal. The IJ determined that Tzafir did not qualify for asylum, withholding of removal, or relief under the Convention Against Torture. In No. 06–73230, the BIA denied Tzafir's motion to reopen based on ineffective assistance of counsel.[2] We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We deny in part and grant in part the petition in No. 05–75369 and remand for further proceedings. We deny the petition in No. 06–73230.

The IJ made adverse credibility findings that were not explicitly affirmed by the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The claims of Marina Tzafir's husband and children are derivative of her claim. *See* 8 U.S.C. § 1158(b)(3).

2. Because the parties are familiar with the factual and procedural background, we do not repeat it here, except as necessary to aid in understanding this disposition.

BIA; thus, we need not reach Tzafir's argument about the appropriateness of the IJ's adverse credibility findings.[3] *See Krotova v. Gonzales,* 416 F.3d 1080, 1084 (9th Cir.2005) (stating that "[w]hen the BIA's decision is silent on the issue of credibility, despite an IJ's explicit adverse credibility finding, we may presume that the BIA found the petitioner to be credible").

■ We disagree with Tzafir's contention that substantial evidence compels a finding that the harm she suffered rose to the level of past persecution. *See Li v. Ashcroft,* 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (stating that "persecution" is "'an extreme concept,' marked by 'the infliction of suffering or harm ... in a way regarded as offensive'") (quoting *Fisher v. INS,* 79 F.3d 955, 961 (9th Cir.1996) (en banc)). The evidence does not compel a finding that Tzafir has a well-founded fear of future persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003) (stating that a "'well-founded fear of persecution' must be both subjectively genuine and objectively reasonable"). We therefore uphold the BIA's decision that Tzafir failed to establish eligibility for asylum. *See Krotova,* 416 F.3d at 1084 (stating that a denial of asylum is reviewed for substantial evidence and the petition may only be granted if the record compels a different result).

Because Tzafir failed to establish a well-founded fear of future persecution under asylum, she also failed to establish eligibility under the more stringent standard of withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006) (finding that the petitioner's failure to establish eligibility under asylum meant that he also failed to meet the "heavier burden of proof" to demonstrate eligibility for withholding of removal).

We reject Tzafir's contention that the BIA erred in finding that her motion to reopen was untimely. *See* 8 C.F.R. § 1003.2(c)(2) (establishing that a petitioner has ninety days to file a motion to reopen before the BIA). Tzafir failed to demonstrate that she qualified for equitable tolling based on ineffective assistance of counsel. *Hamoui v. Ashcroft,* 389 F.3d 821, 826 (9th Cir.2004) (stating that "[i]neffective assistance of counsel amounting to a due process violation permits untimely reopening").

The evidence that Tzafir presented to the BIA with her motion to reopen fails to demonstrate that her claim was prejudiced.[4] *See Mohammed v. Gonzales,* 400 F.3d 785, 793–94 (9th Cir.2005) (stating that a claim for ineffective assistance of counsel requires the petitioner to demonstrate that prior counsel failed to perform with sufficient competence, and that petitioner was prejudiced by her prior counsel's performance); *see also Morales Apolinar v. Mukasey,* 514 F.3d 893, 898 (9th Cir.2008) (noting that "[i]n the context of an ineffective assistance of counsel claim, prejudice is established when 'the performance of counsel was so inadequate that it may have affected the outcome of the proceedings'") (quoting *Munoz v. Ashcroft,* 339 F.3d 950, 955 (9th Cir.2003)).

■ Tzafir argues that the BIA failed to address the IJ's denial of voluntary departure. Although we lack jurisdiction to review a grant or denial of voluntary departure, we have jurisdiction to review the BIA's failure to address the issue. *See* 8 U.S.C. § 1229c(f); *see also Sagaydak v. Gonzales,* 405 F.3d 1035, 1039–40 (9th Cir. 2005) (reasoning that we have jurisdiction

---

3. The government concedes that the BIA did not affirm the IJ's adverse credibility findings.

4. Because Tzafir failed to demonstrate that her claim was prejudiced, we do not address the issue of prior counsel's competence.

to review when the BIA failed to address arguments raised by the petitioner). The government concedes that "[t]he [BIA] held that its adoption and affirmance of the immigration judge's decision was limited to the areas that were 'noted' by the [BIA]." Br. of Resp't, No. 05–75369, at 16. Because the BIA did not address the IJ's denial of voluntary departure, we remand for the BIA to make a determination on the issue. See *Sagaydak,* 405 F.3d at 1040 (stating that "IJs and the BIA are not free to ignore arguments raised by a petitioner").

In No. 05–75369, the petition for review is granted as to voluntary departure and remanded; otherwise, the petition is denied.

In No. 06–73230, the petition for review is denied.

**DENIED in part, GRANTED in part, and REMANDED.**