FILED

APR 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANIPAL SINGH, | No. 05-75727 |
| Petitioner, | Agency No. A097-608-278 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 10, 2010
San Francisco, California

Before: B. FLETCHER and CLIFTON, Circuit Judges, and ANELLO,** District
Judge.

   Manipal Singh petitions for review of the Board of Immigration Appeals'

denial of his claims for asylum, withholding of removal, and relief under the

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   **    The Honorable Michael M. Anello, United States District Judge for
the Southern District of California, sitting by designation.

Convention Against Torture. We grant Singh's petition and remand for further proceedings.

When the BIA does not perform an independent review of the Immigration Judge's decision, this Court reviews the IJ's decision. *Tapia v. Gonzales*, 430 F.3d 997, 999 (9th Cir. 2005). Here, the IJ did not make an explicit adverse credibility determination and, to the extent an implicit determination was made, it was not supported by substantial evidence. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence."). Remand to the agency for a credibility determination is therefore inappropriate. *Cf. Hartooni v. INS*, 21 F.3d 336, 342-43 (9th Cir. 1994) (remand for a credibility determination is appropriate where the IJ has raised substantial questions about petitioner's credibility but did not make an explicit finding that petitioner was not credible).

Without an adverse credibility determination, we are required to accept petitioner's testimony as true. *Knezevic v. Ashcroft*, 367 F.3d 1206, 1209 (9th Cir. 2004). Once petitioner's testimony is deemed credible, no further corroboration is required to establish the facts to which petitioner testified. *Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir. 2004).

Singh's testimony regarding multiple instances of abuse, detention, and threats adequately established past persecution on account of political opinion and imputed political opinion based on the beliefs of his family. *See Navas v. INS*, 217 F.3d 646, 646, 656 (9th Cir. 2000) (to demonstrate persecution on account of political opinion, the applicant must show he held a political opinion and his persecutors persecuted him because of such opinion); *see also Silaya v. Mukasey*, 524 F.3d 1066, 1071 (9th Cir. 2008) ("Evidence that the alleged persecutor acted because of a petitioner's family's political associations is sufficient to satisfy the motive requirement.").

"Once past persecution is demonstrated, then fear of future persecution is presumed, and the burden shifts to the government to show, by a preponderance of the evidence, that 'there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution,' or '[t]he applicant could avoid future persecution by relocating to another part of the applicant's country.'" *Deloso v. Ashcroft*, 393 F.3d 858, 863-64 (9th Cir. 2005) (quoting 8 C.F.R. § 208.13(b)(1)(i) & (ii)). Here, the IJ did not shift the burden to the government to rebut the presumption. We therefore remand Singh's petition to the agency for further proceedings to determine whether the government has

demonstrated either that conditions in India have changed such that Mr. Singh no longer has a well-founded fear of future persecution, or that relocation is possible.

We also remand Singh's petition for further proceedings with respect to withholding of removal and protection under CAT. Past persecution generates a presumption of eligibility for withholding of removal. *Mousa v. Mukasey*, 530 F.3d 1025, 1030 (9th Cir. 2008). On remand the burden thus shifts to the government to rebut this presumption by establishing either a fundamental change in circumstances, or the possibility that Singh may reasonably relocate to another part of the country to avoid any future threat. 8 C.F.R. § 1208.16(b)(1)(i), (ii). We also remand for a determination, with the assumption that Singh's testimony is true, of whether Singh adequately established "only a chance greater than fifty percent that he will be tortured" if removed. *Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004).

**PETITION GRANTED AND REMANDED.**