**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PENG LIU, | No. 06-70421 |
| Petitioner, | Agency No. A075-665-996 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2011[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Peng Liu petitions pro se for review of a decision by the Board of

Immigration Appeals ("BIA") affirming the denial of Liu's applications for

asylum, withholding of removal and protection under the United Nations

Convention Against Torture ("CAT").  Liu has also asked both the BIA and this

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court to remand his case so that he can apply for adjustment of status based on his 2005 marriage to a U.S. citizen. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

The facts of this case are known to the parties. We do not repeat them.

We review the BIA's factual findings for substantial evidence and its legal conclusions de novo. *See Benyamin v. Holder*, 579 F.3d 970, 974 (9th Cir. 2009).

To qualify for asylum, Liu must show that he "is unable or unwilling to return to" China "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *See* 8 U.S.C. §§ 1101(a)(42)(A); 1158(b)(1)(A). "To be well-founded, an asylum applicant's fear of persecution must be both subjectively genuine and objectively reasonable." *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007) (internal quotation marks omitted).

Substantial evidence supports the BIA's determination that Liu has failed to establish a well-founded fear of persecution. Liu's false statements to the asylum officer under oath and his submission of false documents to the immigration court undermine the credibility of his asylum claim. *See Martinez v. Holder*, 557 F.3d 1059, 1065 (9th Cir. 2009) (concluding that an applicant's false statements to an asylum officer under oath supported an adverse credibility finding); *Desta v.*

2

*Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (concluding that submission of false documents that went to the heart of the petitioner's claim supported an adverse credibility finding). If an applicant fails "to present candid, credible and sincere testimony demonstrating a genuine fear of persecution," he cannot "satisfy the subjective component of the well-founded fear standard" for asylum. *Mejia-Paiz v. INS*, 111 F.3d 720, 724 (9th Cir. 1997) (internal quotation marks omitted).

Further, even if Liu's fear of religious persecution is genuine, substantial evidence supports the BIA's conclusion that this fear is not objectively reasonable. Liu has not been persecuted in the past, and the evidence of possible future persecution is too general and too speculative. *See Lolong v. Gonzales*, 484 F.3d 1173, 1179 (9th Cir. 2007) (en banc) (rejecting a "general, undifferentiated claim" of future persecution); *see also Wakkary v. Holder*, 558 F.3d 1049, 1060-62 (9th Cir. 2009) (discussing examples of systematic persecution that have given rise to a pattern or practice claim in prior cases and concluding that the petitioner failed to establish a pattern or practice of persecution of Chinese Christians in Indonesia).

The same reasoning supports the BIA's denial of withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (noting that the standard for withholding of removal is higher than the standard for asylum). Substantial evidence also supports the denial of Liu's CAT claim because the

general evidence Liu presented does not compel a finding that there is a "greater than fifty percent" chance that Liu will be tortured if he returns to China. *See Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004).

Liu asks us to remand to the BIA so that he can seek to adjust his status based on his marriage to a United States citizen. He also asked the BIA to remand for the same reason. He did not, however, file a motion to reopen or remand. He did not submit "the appropriate application for relief and all supporting documentation." *See* 8 C.F.R. § 1003.2(c)(1); *see also Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008) (noting the "formal requirements of a motion to remand and a motion to reopen are the same" and such motions must be "accompanied by the proper application for relief and all supporting documentation"). Given these circumstances, we decline Liu's request for a remand.

**PETITION FOR REVIEW DENIED**.