**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FIDEL QUINONEZ-HERNANDEZ, | No.    13-71304 |
| Petitioner, | Agency No. A072-399-794 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and BEA, Circuit Judges.

An Immigration Judge ("IJ") denied Fidel Quinonez-Hernandez's

applications for asylum, withholding of removal, special rule cancellation of

removal under the Nicaraguan Adjustment and Central American Relief Act

("NACARA"), protection under the Convention Against Torture ("CAT"), and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

voluntary departure. Petitioner appealed to the Board of Immigration Appeals ("BIA"), and the BIA dismissed the appeal. Petitioner seeks review of the BIA decision. For the reasons stated below, we grant in part the petition for review, deny it in part, and remand for further proceedings.

## I.

Because the BIA expressed agreement with the reasoning of the IJ, this court reviews both the IJ's and the BIA's decisions. *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013) (citing *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005)). This court reviews legal questions de novo, and it reviews the agency's factual findings for substantial evidence. *Id.* (citing *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006)). "[W]e must decide whether to grant or deny the petition for review based on the Board's reasoning rather than our own independent analysis of the record." *Azanor v. Ashcroft*, 364 F.3d 1013, 1021 (9th Cir. 2004).

This court reviews credibility findings for substantial evidence and reverses only if the evidence compels a contrary conclusion. *Enying Li v. Holder*, 738 F.3d 1160, 1163 (9th Cir. 2013) (citing *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006)). This case is governed by pre-REAL ID case law because Petitioner filed his applications before May 11, 2005. *Sinha v. Holder*, 564 F.3d 1015, 1021 n.3 (9th Cir. 2009). Therefore the IJ or BIA must identify specific, cogent reasons

for an adverse credibility finding, and the reasons must "strike at the heart of the claim." *Li*, 738 F.3d at 1163.

## II.

The persecutor bar precludes an applicant from obtaining relief if he "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42) (asylum). *See also id.* § 1231(b)(3)(B)(i) (withholding).

The immigration regulations state that "[i]f the evidence indicates that one or more of the grounds for mandatory denial of the applications for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d). The persecutor bar is grounds for mandatory denial of an application for relief. In view of this regulation, the IJ wrote that the evidence "sufficiently indicates that [Petitioner] was someone who 'personally ordered, incited, assisted or otherwise participated in the persecution of individuals.'" However, in a footnote to this finding, the IJ stated that Petitioner "did not admit to any more" than "membership in [a] group," "guard[ing] combatants," or "participat[ing] in combat during the course of [a] civil war."

The IJ's analysis is insufficient to trigger the burden-shifting provision of 8 C.F.R. § 1240.8(d). We have previously held that "'[m]ere acquiescence or membership in an organization' is insufficient to satisfy the persecutor exception." *Miranda Alvarado v. Gonzalez*, 449 F.3d 915, 927 (9th Cir. 2006) (quoting *Vukmirovic v. Ashcroft*, 362 F.3d 1247, 1252 (9th Cir. 2004)). Instead, "determining whether a petitioner 'assisted in persecution' requires a particularized evaluation of both personal involvement and purposeful assistance in order to ascertain culpability." *Id.* It was error for the IJ to shift the burden to Petitioner without undertaking this two-pronged analysis with respect to Petitioner's activities as a member of the Flechas.

The BIA dismissed Petitioner's appeal as to the applications for asylum, withholding of removal, and special rule cancellation solely by adopting the IJ's persecutor bar analysis. Given the IJ's error, we grant the petition for review with respect to these applications for relief and remand for further proceedings.

**III.**

The IJ denied relief under CAT after finding that the record evidence was insufficient to show that it would be more likely than not that Petitioner would be tortured upon returning to Guatemala. *See Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004). The BIA agreed with the IJ's finding and analysis. Petitioner does

4

not point to any facts undermining this conclusion, and we find none. Accordingly, we deny the petition for review as to the BIA's dismissal of Petitioner's appeal with respect to CAT relief.

## IV.

Substantial evidence supports the adverse credibility finding. Petitioner presented conflicting testimony regarding the dates, location, and nature of his service in the Guatemalan military. These inconsistences go to the heart of his asylum claim, which is that he was targeted by guerillas because of his military service.

Petitioner argues that the adverse credibility finding is improper because the IJ abused her discretion in finding that a language barrier did not explain Petitioner's inconsistent statements to an asylum officer. This argument is without merit because the asylum officer testified before the IJ that she was certified to conduct interviews in Spanish, and that it was customary to do so. The fact that Petitioner is a native Spanish speaker does not explain away his numerous inconsistent statements before the asylum officer and the IJ.

The IJ relied on Petitioner's inconsistent statements as a basis to deny his application for voluntary departure, and the BIA adopted the IJ's analysis. The record supports the IJ's determination that Petitioner gave false testimony under

oath for the purpose of obtaining an immigration benefit. Therefore we deny the petition for review with respect to voluntary departure.

Each party shall bear its own costs.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

Quinonez-Hernandez v. Lynch, 13-71304

SILVERMAN Circuit Judge, dissenting:

I respectfully dissent.

The evidence supports the agency's finding that the petitioner was a member of the Flechas unit of the Guatemalan military at the time *when* – and at the place *where* – the Flechas committed horrendous genocidal acts. The finding that petitioner was a member of the Flechas, which consisted of only 200 men, when and where the massacres occurred, is specific and nothing like a generalized finding that someone was "in the army during World War II" or the like. The Flechas were a small group, and the dates and locations of petitioner's whereabouts were detailed and coincided with the genocidal acts that those few men committed. Thus, the IJ did not err in ruling that, given this evidence, the burden shifted to petitioner to show that he did *not* participate in persecution.

Of course, that's not the end of the ball game. It is possible that petitioner had an innocent explanation for these seemingly incriminating facts. However, when petitioner himself took the stand and testified to his lack of personal involvement in the massacres, he testified untruthfully – as the IJ found, as the BIA affirmed, and as the majority apparently recognizes; the majority does not quarrel with the IJ's well-supported adverse credibility finding. Instead, the majority's

point is that petitioner shouldn't have had to explain his role in the Flechas at all –
that is, that the burden shouldn't have shifted to him to begin with – and never
mind his false testimony denying involvement in the Flechas' crimes.

In my opinion, the IJ and BIA correctly ruled that substantial evidence
supported the inference that petitioner had participated in the persecution of others,
shifting the burden to petitioner to show otherwise.  Likewise, there was
substantial evidence supporting the agency's finding that petitioner's exculpatory
testimony was false.  Thus, the agency did not abuse its discretion in ruling that as
a persecutor of others, petitioner was himself ineligible for asylum or any other
form of related relief.  I would deny the petition.