NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUKHCHAIN SINGH, | No.    19-71285 |
| Petitioner, | Agency No. A205-733-689 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2020[**]
San Francisco, California

Before:  MILLER and HUNSAKER, Circuit Judges, and RAYES,[***] District Judge.

Petitioner Sukhchain Singh, an Indian national, entered the United States

without valid entry documentation and was subsequently apprehended by

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

immigration officials. Singh was charged as removable but sought asylum, withholding of removal, and protection under the Convention Against Torture (CAT). After a full merits hearing, the Immigration Judge (IJ) found Singh not credible based on various inconsistencies in the record. Lacking credible testimonial evidence and sufficient other record evidence, the IJ determined Singh was ineligible for immigration relief and subject to removal. The Board of Immigration Appeals (BIA) affirmed the IJ's removal order. Singh petitions for review. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition for review.

Singh claims the BIA erred by (1) relying on mere omissions of details and minor discrepancies in an otherwise "entirely consistent" claim, (2) failing to provide Singh an opportunity to explain the inconsistencies or consider his plausible explanations, and (3) "cherry-picking" the evidence without reviewing the totality of the circumstances. A review of the record reveals, however, that Singh's written documentation and oral statements directly conflict, and that he was given a chance to explain the discrepancies but his explanations were found to be unreasonable and unconvincing. Both the IJ's and BIA's adverse credibility rulings reflect a comprehensive review of the record, *see Shrestha v. Holder*, 590 F.3d 1034, 1044–45 (9th Cir. 2010), and the evidence does not compel a contrary

conclusion than that reached by the agency, *see Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C), 1252(b)(4).

Because both the asylum and withholding claims rely on Singh's non-credible testimony to establish past persecution and well-founded fear of persecution, we deny review of those claims. *Farah*, 348 F.3d at 1156. Moreover, without credible testimony providing evidence of past torture, Singh's CAT claim relies solely on the remaining record evidence regarding conditions in India. *See Shrestha*, 590 F.3d at 1048–49 (citations omitted). This evidence does not compel the conclusion that it is more likely than not Singh will suffer torture on return to India. *See id.*; 8 C.F.R. § 208.16(b)(1)(iii); *Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004) (explaining that the "more likely than not" standard requires a greater than fifty percent chance). Therefore, Singh's CAT claim fails as well.[1]

**PETITION FOR REVIEW DENIED.**

---

[1] Petitioner's Motion for Stay of Removal [Dkt. 1] is denied as moot.

3