NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| EDGAR ARCHILA, | No. 19-70698 |
| Petitioner, | Agency No. A029-163-278 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2020
San Francisco, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and SESSIONS,** District Judge.

Petitioner Edgar Archila seeks review of the Board of Immigration Appeals'

(BIA) order dismissing his appeal from the Immigration Judge's (IJ) denial of his

applications for asylum, withholding of removal, special cancellation of removal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

under the Nicaraguan Adjustment and Central American Relief Act (NACARA), and deferral of removal under the United Nations Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We grant in part and deny in part the petition for review, and remand for further consideration of Archila's application for deferral of removal under CAT.

This Court reviews *de novo* the agency's determinations on questions of law and its factual findings for substantial evidence. *Singh v. Holder*, 656 F.3d 1047, 1051 (9th Cir. 2011). Questions of law include the application of law to undisputed or established facts. *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020). Review is limited to those grounds explicitly relied upon by the BIA. *Najmabadi v. Holder*, 597 F.3d 983, 986–87 (9th Cir. 2010). Where the BIA issues its own decision but expressly adopts the IJ's reasoning, as it did here, the Court reviews both decisions. *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016).

The record supports the BIA's application of the persecutor bar. Under the Immigration and Nationality Act, "any person who ordered, incited, assisted, or otherwise participated in" persecution of any person on account of a protected ground is ineligible for asylum and withholding of removal. 8 U.S.C. §§ 1101(a)(42), 1158(b)(2)(A)(i), 1231(b)(3)(B)(i). Although past persecutors are

ineligible for withholding of removal under CAT, *see* 8 C.F.R. § 1208.16(d)(2),

they remain eligible for deferral of removal, *see* 8 C.F.R. § 1208.17(a).

"[D]etermining whether a petitioner 'assisted in persecution' requires a

particularized evaluation of both personal involvement and purposeful assistance in

order to ascertain culpability." *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 927

(9th Cir. 2006).[1]  Archila worked in the late 1970s and early 1980s as a military

commissioner for the Guatemalan army.  His work included reporting the names of

people, including civilians, who fought with or otherwise aided anti-government

guerillas.  Archila testified credibly that he never personally inflicted physical

harm on any of the people he identified, but conceded that those individuals would

be arrested by special army units and might not be seen again.  Country conditions

evidence confirmed that military commissioners in Archila's home region played a

fundamental role in systematic human rights violations, including forced

---

[1] *Budiono* concluded that the governing regulations require the government to establish "threshold evidence of *each* element" of the persecutor bar before the burden shifts to the noncitizen to demonstrate that the bar does not apply in his case.  837 F.3d at 1048 (emphasis original); *see also Kumar v. Holder*, 728 F.3d 993, 998–1000 (9th Cir. 2013) (requiring a particularized, threshold showing of each element).  In *Matter of Negusie,* 28 I. & N. Dec. 120, 154 n.27 (A.G. 2020), the Attorney General disagreed, concluding that the regulations do not require "the particularized inquiry or heightened threshold, including evidence of each element, suggested by *Budiono*."  At oral argument, the government conceded that *Matter of Negusie*, which was decided after the BIA's dismissal of Archila's appeal, does not apply to this case.

disappearances, torture, and extrajudicial executions by government forces. Given Archila's material assistance in furtherance of such violations, the agency properly concluded that the persecutor bar applies, and we therefore deny Archila's petition for review as to his asylum, withholding, and NACARA claims.

Because the persecutor bar prevents the agency from granting asylum as a matter of discretion or relief under NACARA, we need not consider the agency's discretionary denial of such relief.

Substantial evidence does not support the agency's denial of relief under CAT. To qualify for deferral of removal under CAT, a petitioner must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see Khup v. Ashcroft*, 376 F.3d 898, 906 (9th Cir. 2004). "Acts constituting torture" under CAT "are varied, and include beatings and killings." *Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008).

Archila credibly testified that in 1981, a group of men shot at him while he and his daughter were riding on a motorcycle. He believes the men worked for the government, and that the government was trying to prevent him and others from revealing certain information to anti-government groups. After escaping to the United States, Archila returned to Guatemala in 1987 to visit his ailing brother who had been shot by men believed to be government agents. During that visit, Archila

4

himself was abducted by masked men, taken to an unknown location and tortured. His captors then placed him in car, told him he was being taken home, and fired a gun shot at his head. Archila was able to put his hand in the way such that the bullet barely grazed the back of his neck. He escaped by jumping from the vehicle and was shot again as he rolled out of the car.

Archila testified that his life will be in danger if he is returned to Guatemala, and the IJ gave his testimony full evidentiary weight. Country conditions evidence showed that Guatemala "has serious human rights issues, including high levels of violence, unlawful killings, torture, and arbitrary detentions." The IJ found that military commissioners in particular "were harmed or executed by the government during the 1980s." The IJ further concluded, however, that there was no indication of a current threat of torture. That finding, based upon a void of information, was not supported by substantial evidence.

In assessing whether it is more likely than not that a petitioner will be tortured, "'all evidence relevant to the possibility of future torture shall be considered, including, but not limited to:' evidence of past torture inflicted upon the petitioner; evidence of gross, flagrant, or mass violations of human rights within the country of removal; and any other relevant information regarding conditions in the country of removal." *Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004) (citing 8 C.F.R. § 208.16(c)(3)). Past torture is the principal factor to be

5

considered, since "if an individual has been tortured and has escaped to another country, it is likely that he will be tortured again if returned to the site of his prior suffering, unless circumstances or conditions have changed significantly, not just in general, but with respect to the particular individual." *Nuru v. Gonzales*, 404 F.3d 1207, 1217–18 (9th Cir. 2005).

Archila and his family believe that circumstances and conditions in Guatemala have not changed and that he will be killed if returned. One of Archila's uncles, a former military commissioner, was killed in Guatemala. Archila's brother, also former military, was killed. A colleague in the intelligence department disappeared. As recently as 2012, Archila's niece was pulled from her home and murdered. While the passage of time may be a relevant consideration with respect to the current level of danger, the record evidence does not support the agency's rejection of Archila's credible testimony and the country conditions report indicating past threats to former military commissioners because there was no specific evidence indicating that any threat to Archila had dissipated. We therefore grant Archila's petition for review as to his CAT claim and remand for supplementation of the record on the question of Archila's likelihood of torture as a former military commissioner. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam) ("[T]he proper course, except in rare circumstances, is to remand to the

agency for additional investigation or explanation.") (quotations and citations omitted).

Finally, the IJ did not err in admitting into evidence a 1995 arrest warrant issued by the Guatemalan police. The IJ gave the document limited weight, thereby reducing the potential for prejudice.

Archila was removed during the pendency of this petition for review. In light of our disposition of Archila's CAT claim, we order the government to facilitate Archila's return to the United States, under the same status he held prior to the removal, pending further proceedings before the BIA. The government shall provide to the Court within 60 days a status report as to its efforts to locate and return Archila from Guatemala.

**Petition DENIED in part, GRANTED in part, and REMANDED.**