NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCIS DANIEL HERNANDEZ-
YANES; ROSA RIVAS-
RETANA; DANIEL ANTONIO
HERNANDEZ-RIVAS,

        Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 23-4006

Agency Nos.
A220-905-895
A220-905-896
A220-905-897

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2024[**]
Pasadena, California

Before: GOULD, CLIFTON, and SANCHEZ, Circuit Judges.

Francis Daniel Hernandez-Yanes, his wife Rosa Rivas-Retana, and son

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Daniel Antonio Hernandez-Rivas are natives and citizens of Guatemala.[1]  They petition for review of a Board of Immigration Appeals ("BIA") order dismissing their appeal from an Immigration Judge's ("IJ") order (collectively "agency").  The agency denied their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.  Substantial evidence supports the BIA's determination that the harm suffered by Hernandez-Yanes did not rise to the level of past persecution.  "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted).  Under the substantial evidence standard, we uphold the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Salguero Sosa v. Garland*, 55 F.4th 1213, 1218 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Substantial evidence supports the BIA's determination that the threatening telephone calls by anonymous individuals did not rise to the level of persecution.  "Unfulfilled threats are very rarely sufficient to rise to the level of persecution." *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021).  While Hernandez-Yanes was

---

[1] Hernandez-Yanes's wife and son did not file independent applications for relief and protection from removal.  Hernandez-Yanes is therefore the lead petitioner, and his wife and son are derivative beneficiaries.

threatened with death if he did not pay the callers 200,000 quetzales, Hernandez-Yanes was never harmed even when he did not pay the extortion demands. Indeed, the unknown callers never appeared in person. Consequently, the threats "do not constitute the 'extreme' case where threats alone compel a finding of past persecution." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021).

The agency found no evidence linking the deaths of Hernandez-Yanes's father-in-law and two brothers-in-law in 2000, 2005, and 2013 to his claim of past persecution. As the BIA noted, the identities of the assailants in each of the killings are unknown. While harm to family members "may contribute to a successful showing of past persecution," such harm must be "part of a pattern of persecution closely tied to the petitioner himself." *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (cleaned up). Hernandez-Yanes has not established that the anonymous phone calls his wife received were linked to these prior deaths.

2. Substantial evidence supports the BIA's determination that Hernandez-Yanes failed to establish that a protected ground was either "one central reason" or "a reason" for the harm he suffered. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358, 360 (9th Cir. 2017). Hernandez-Yanes claims past persecution and a well-founded fear of future persecution based on his political opinion, Evangelical faith, and membership in four particular social groups. As the BIA found, however, there is no indication in the record that any of the asserted protected grounds

3                                                    23-4006

functioned as one central reason or even a reason for the threats received by Hernandez-Yanes. The three phone calls communicated the extortion demand and death threat, and did not reference any traits, beliefs, or facts specific to Hernandez-Yanes that would support nexus to a protected ground.[2]

3. Substantial evidence supports the BIA's finding that Hernandez-Yanes failed to establish that it was more likely than not that he would be tortured if removed to Guatemala. Hernandez-Yanes fails to meet his burden of establishing a "chance greater than fifty percent that he will be tortured." *Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004). He testified that he did not know who threatened him and answered, "No," when asked "[I]s there anyone in particular that you fear?" Where a petitioner's fear of torture is "entirely speculative and unsupported by the record," substantial evidence supports the denial of protection under CAT. *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1201 (9th Cir. 2023).

**PETITION DENIED.**

---

[2] Because the BIA's negative determinations as to past persecution and nexus are dispositive of Hernandez-Yanes's claims for asylum and withholding of removal, we need not address other elements of these claims.