NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TEODORO MEJIA-GARCIA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3855

Agency No.
A089-091-369

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2025[**]
Seattle, Washington

Before: McKEOWN, PAEZ, and SANCHEZ, Circuit Judges.

Petitioner Teodoro Mejia-Garcia ("Mejia-Garcia") is a native and citizen of

Mexico. He petitions for review of a Board of Immigration Appeals ("BIA") order

dismissing his appeal from an Immigration Judge's ("IJ") order (collectively

"agency"). The agency denied his applications for withholding of removal and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). "When the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action." *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) (per curiam) (citation omitted). "We review factual findings for substantial evidence and legal questions de novo." *Flores Medina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the agency's determination that Mejia-Garcia is ineligible for withholding of removal because he failed to establish either past persecution or a clear probability of future persecution on account of a protected ground. First, the agency found that Mejia-Garcia did not suffer harm rising to the level of persecution when he was told by two armed cartel members in 2013 to leave that part of Mexico or they would "disappear" or "kill" him. Mejia-Garcia was never physically harmed after this threat and never made contact with the two unidentified individuals again. "[C]ases with threats alone, particularly anonymous or vague ones, rarely constitute persecution." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citation omitted). Rather, persecution is more likely to be found "where threats are repeated, specific and 'combined with confrontation or other mistreatment.'" *Id.* (citation omitted). The evidence presented by Mejia-Garcia does not compel a finding of past persecution.

Second, the agency determined that Mejia-Garcia's fear of being killed by his ex-father-in-law, Edocio Garcia, does not establish a clear probability of persecution on account of a protected ground. In the petition for review, Mejia-Garcia does not argue that Edocio's desire for vengeance is motivated by family-based animus. Therefore, we will not disturb the agency's finding that "Edocio's reason to harm [Mejia-Garcia], out of revenge for reporting him to the police when he sexually abused [Mejia-Garcia's] daughter, would be the result of personal animus between Edocio and [Mejia-Garcia], and not on account of a protected ground." Purely personal retribution does not establish nexus to a protected ground. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (finding that "[p]urely personal retribution" is "not persecution on account of" a protected ground) (citation omitted); *Garcia v. Wilkinson*, 988 F.3d 1136, 1144–45 (9th Cir. 2021).

While Mejia-Garcia argues that he fears persecution on account of his membership in a particular social group ("PSG") of "family members of Edocio Garcia's family,"[1] he has not identified any evidence compelling the conclusion that either the two cartel members or Edocio were targeting him on the basis of his

---

[1] We reject the government's contention that Mejia-Garcia failed to present this proposed PSG before the agency. The IJ expressly acknowledged in its order that "[Mejia-Garcia] contends that he is entitled to relief because of his membership in a particular social group, 'family members of Edocio Garcia's family.'"

family membership.[2]

2. Substantial evidence supports the agency's finding that Mejia-Garcia failed to establish a "chance greater than fifty percent that he will be tortured" if removed to Mexico. *Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004). Mejia-Garcia contends that he "was tortured by the two cartel members" who threatened him. But, as discussed, the single unrealized threat from unidentified cartel members did not rise to the level of persecution, let alone torture. *See Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) ("Torture is 'more severe than persecution.'") (citation omitted).

Mejia-Garcia also claims that "Edocio and his family have connections to the cartel and can assassinate him," but this claim is too speculative to meet Mejia-Garcia's high burden for CAT protection. While Edocio threatened to shoot "anybody that could report him to the police," and Mejia-Garcia reported Edocio to the police, Mejia-Garcia testified that neither he nor his family in Mexico had heard from Edocio since Mejia-Garcia made the report. Mejia-Garcia

---

[2] The agency did not err in determining that the Department of Homeland Security's inadvertent disclosure of personally identifiable information related to Mejia-Garcia's removal proceedings on the Internet did not have "any bearing on [Mejia-Garcia's] request for relief, as nothing in [Mejia-Garcia's Motion to Request Withholding of Removal] shows that the person who [Mejia-Garcia] fears knows about the data breach." In the petition for review, Mejia-Garcia asserts that the inadvertent disclosure "has placed [him] at high risk to be harmed or killed" but fails to explain or substantiate this claim with any record evidence.

acknowledged that he does not know where Edocio is, including whether he is still in Mexico. Moreover, the only basis for Mejia-Garcia's belief that Edocio is connected to a cartel is that Edocio told him so. Where a petitioner's fear of torture is "speculative and unsupported by the record," substantial evidence supports the denial of protection under CAT. *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1201 (9th Cir. 2023).

**PETITION DENIED.**