**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN MAURICIO CASTILLO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-72544 Agency No. A073-244-050 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 15, 2019
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,** District
Judge.

Petitioner Juan Castillo petitions for review of a decision by the Board of

Immigration Appeals ("BIA") denying his request for deferral of withholding

under the Convention Against Torture ("CAT").

We review the BIA's decision for substantial evidence, reversing only if

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

"the evidence *compels* the conclusion" that its decision was incorrect. *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006). "[W]here, as here, the BIA reviewed the IJ's decision for clear error and provided more than a 'boilerplate opinion,' we may . . . look to the 'IJ's oral decision as a guide to what lay behind the BIA's conclusion[s].'" *Guo v. Sessions*, 897 F.3d 1208, 1214 n.4 (9th Cir. 2018) (quoting *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008)). We will review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Id.* (quoting *Tekle*, 533 F.3d at 1051).

1. We have jurisdiction over Castillo's petition. *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012).

2. The Agency erred in its consideration of Dr. Boerman's testimony about the risk of torture faced by Castillo. The IJ "consider[ed] some of Dr. Boerman's statements to be exaggerated." One of the reasons the IJ gave for this conclusion was: "the notion that [the asserted] multi-agency governmental corruption is commonplace seems to contradict Dr. Boerman's written declaration, which states that '[not all] Salvadoran officials are corrupt; there are thousands of public servants of the highest integrity, skill and professionalism.'" But there is no inherent contradiction between official corruption being commonplace and the existence of thousands of dedicated, honest public servants.

2

Petitioner objected before the BIA to this illogical aspect of the IJ's reasons for rejecting Dr. Boerman's testimony.[1] But the BIA did not correct this error in reasoning or otherwise explain why it would deny Castillo's CAT claim even without that aspect of the IJ's reasoning. Seemingly in at least partial response to Castillo's arguments about errors in the IJ's evaluation of Dr. Boerman's testimony, the BIA stated that the IJ had found Dr. Boerman "credible." To the contrary, the IJ did not appear to find Dr. Boerman credible. The BIA did recognize that the IJ concluded Dr. Boerman "exaggerated the risk of harm to the applicant." But the BIA discussed—and found no clear error in—only one of the several reasons that the IJ gave for discounting Dr. Boerman's testimony: that the record was "devoid of any mention of immigration officials and police colluding to apprehend returning gang members."[2] In addition to not being responsive to Castillo's argument regarding the IJ's mis-perceived contradiction in Dr. Boerman's report, by relying on this reason the Agency ignored the fact that Dr. Boerman's own written report identified the problem of collusion between immigration officials and police regarding treatment of returning gang members—

---

[1] In appealing to the BIA, Castillo argued, among other things, that the IJ erred in finding Dr. Boerman's opinion that both corruption and a large number of honest officials could coexist was a contradiction, in light of the State Department reporting "say[ing] much the same thing."

[2] In fact, the IJ had stated that "[t]he *documentary evidence* [was] devoid of any mention of immigration officials and police colluding to apprehend returning gang members."

and, absent a proper reason to discount it, that report *was* part of the record. *See Cordoba v. Holder*, 726 F.3d 1106, 1114-15 (9th Cir. 2013) (discussing "credible expert testimony" of a professor as record evidence supporting the petitioner's claim). The BIA thus relied on incorrect reasoning by the IJ, and did not provide any other sufficient reason to affirm the IJ's conclusion that Dr. Boerman exaggerated the risks to Castillo. We thus remand so the BIA can reconsider Dr. Boerman's testimony and its effect on Castillo's CAT claim.

3. For efficiency, we reject two of Castillo's remaining arguments.[3] The BIA did not impose an impermissibly high burden of proof on Castillo. "To qualify for CAT relief, a petitioner must establish that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (quoting 8 C.F.R. § 208.16(c)(2)). Castillo must therefore show there is "a chance greater than fifty percent that he will be tortured if removed." *Id.* (quoting *Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004)). The BIA properly articulated this standard.

The BIA also did not impermissibly require that specific technical

---

[3] Although our holding that the BIA erred is sufficient to resolve this petition, because the other issues raised in Castillo's petition could arise again on remand and because they have been fully briefed, we review them here. *See United States v. Mancuso*, 718 F.3d 780, 796 (9th Cir. 2013); *United States v. Van Alstyne*, 584 F.3d 803, 817 n.14 (9th Cir. 2009); *but see United States v. Nickle*, 816 F.3d 1230, 1237 n.6 (9th Cir. 2016).

4

terminology be used in evidence supporting Petitioner's claim. The BIA, and the IJ, did not discount evidence merely because it did not *use* the word "torture," but because the conduct described in the relevant passages of the reports did not *amount* to torture.

**GRANTED and REMANDED.**