**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YAJAIRA GUADALUPE MELENDEZ
MORALES,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No. 18-71507

Agency No. A213-087-239

MEMORANDUM[*]

YAJAIRA MARICEL MELENDEZ
MORALES,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No. 18-71512

Agency No. A213-087-240

On Petition for Review of an Order of the
Board of Immigration Appeals

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted April 9, 2021[]
Pasadena, California

Before: W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Yajaira Guadalupe Melendez Morales ("Guadalupe") and Yajaira Maricel Melendez Morales ("Maricel") petition for review of a decision by the Board of Immigration Appeals ("BIA") holding that they are ineligible for asylum, withholding, and relief under the Convention Against Torture ("CAT"). We grant the petition and remand.

Petitioners are twenty-three-year-old twin sisters from El Salvador. From January to May 2017, they encountered persistent physical and sexual harassment from members of Mara 18 (the 18th Street Gang), which controlled the area where they attended school. Gang members would follow them home, make rude sexual comments, and touch them. They told Maricel that they would have sex from behind and she would ask for it again. One tried to touch Guadalupe all over her body. Another sexually assaulted Maricel at gunpoint on her way home from school, forcing his hand in her underwear. A family friend overheard these gang members saying that they were tired of the petitioners' resistance and that "if

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[they] weren't going to be theirs [then] [they] would not be anybody's." That night, three men knocked loudly on their door and said it was time "to find out what it was like to be with a real man." Petitioners did not go to the police because the gangs would have found out and "really hurt" them.

The IJ found that the petitioners were credible and did not require corroboration. However, the IJ denied their asylum, withholding, and CAT claims. The IJ found that their proposed social groups—(1) young Salvadoran women living in El Salvador, and (2) young Salvadoran women viewed as property and unwilling to enter into a forced sexual and domestic relationship—were insufficiently socially distinct to be cognizable, and even if they were, there was no nexus between those groups and the harm petitioners suffered or feared. The IJ also denied the withholding and CAT claims.

The BIA affirmed on different grounds. It assumed that these particular social groups were cognizable, but held that petitioners did not meet their burden of proof as to fear of persecution. The BIA highlighted that (1) petitioners' grandmother did not corroborate their story, (2) their expert on conditions in El Salvador had not met them personally, and (3) they had aged out of danger because they were now 20 years old, and most sexual violence was experienced by teenage girls. The BIA also held that petitioners had not established that the government

3

was unable or unwilling to protect them, that relocation would be unreasonable, or that they were eligible for CAT relief.

A timely petition for review followed. The Government's motion for a remand was denied by a motions panel.

This court reviews the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). A finding is supported by substantial evidence unless "'any reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

The Government admits that the BIA erred in failing to address "whether the sisters' targeted mistreatment at the hands of the gang rose to the level of [past] persecution," which made it impossible to determine whether to apply a rebuttable presumption as to future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)-(ii). The Government requests that on remand the BIA be allowed to "consider any other issues it deems relevant or dispositive." We agree that remand is appropriate.

We note additional errors by the BIA not specifically noted by the government. First, the BIA erred in concluding that petitioners needed corroboration by their grandmother. The IJ found petitioners credible and did not

4

ask for corroboration. *Ren v. Holder*, 648 F.3d 1079, 1091 (9th Cir. 2011).

Second, the BIA erred in discounting the petitioners' expert witness on violence against Salvadoran women. An expert does not need personal knowledge of the petitioners to opine in her area of expertise. *See, e.g., Hamoui v. Ashcroft*, 389 F.3d 821, 828 (9th Cir. 2004). Third, the BIA erred in concluding that petitioners would not be targeted because they were no longer teenagers. This conclusion is implausible on its face, and the record confirms that young women older than 20 face considerable violence. (Both proposed social groups are "young women.") The BIA's conclusion that petitioners aged out of danger is not supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B). Fourth, the BIA erred in discounting evidence concerning "domestic violence" on the ground that the petitioners were not in domestic relationships. This evidence is relevant to the likelihood of future persecution because the petitioners fear that they will be forced into a domestic relationship in which they will experience violence.

The BIA also failed to engage with "all relevant evidence in the record." *See Bringas-Rodriguez*, 850 F.3d at 1069. The BIA did not consider evidence of whether the government was "able" to protect petitioners. While a judicial initiative addressing violence against women can show the government is willing to protect petitioners, it does not necessarily show that it is *able* to do so. *Cf. Vitug*

5

*v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013).  Further, the BIA's analysis of whether the petitioners would be able to reasonably relocate failed to examine the whole record and the "totality of the relevant circumstances" as required by 8 C.F.R. § 1208.13(b)(3).  El Salvador is a small country and gangs are pervasive.  Finally, the BIA erroneously assumed that CAT relief was foreclosed by its denial of the asylum claim.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).  The BIA also ignored parts of the record in addressing the CAT claim.  8 C.F.R. § 1208.16(c)(3) ("[A]ll evidence relevant to the possibility of future torture shall be considered.").  For example, the petitioners' expert witness stated that gang members have infiltrated the police at all levels.

**Petition for review GRANTED and REMANDED.**