

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYNOR RANDOLFO PEREZ, AKA Mynor Perez, | No. 18-71204 |
| Petitioner, | Agency No. A073-904-754 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022[**]
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and BENNETT,[***]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Petitioner Mynor Randolfo Perez, a native of Guatemala who has resided in the United States since 1989, seeks review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the denial of his application for deferral of removal under the Convention Against Torture ("CAT"). "The Court reviews for substantial evidence the factual findings which underlie the BIA's conclusion regarding eligibility for CAT protection." *Dawson v. Garland*, 998 F.3d 876, 878 (9th Cir. 2021). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The Convention Against Torture provides mandatory relief for any applicant who can show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Hamoui v. Ashcroft*, 389 F.3d 821, 826 (9th Cir. 2004) (quoting 8 C.F.R. § 208.16(c)(2)); *accord Khup v. Ashcroft*, 376 F.3d 898, 907 (9th Cir. 2004) (requiring "at least a 51% chance" of future torture). Torture is defined as "an extreme form of cruel and inhuman treatment," requiring the intentional infliction of "severe pain or suffering." 8 C.F.R. § 1208.18(a)(1), (2). To sustain a CAT claim, torture must be inflicted "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *Id.* at § 1208.18(a)(1); *see B.R. v. Garland*, 4 F.4th 783, 800 (9th Cir. 2021).

In this case, the BIA concluded that Petitioner failed to establish "that it is

more likely than not that he will suffer mistreatment in Guatemala which would amount to 'torture,' or that would be inflicted by or with the consent or acquiescence (including willful blindness) of the government of Guatemala." Petitioner has not challenged the BIA's finding regarding the likelihood of torture. He does not argue that the BIA overlooked relevant evidence, or that the record otherwise "compels" the conclusion that he would be tortured upon his return to Guatemala. *Cf. Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016). This alone is dispositive. Nevertheless, Petitioner dedicates an extended portion of his brief to discussing evidence of torture and reviewing the "extreme violence committed [against] him and his family." We construe this as a challenge to the BIA's torture determination and address the merits of his claim.

Petitioner's torture claim is based on the assault he suffered more than thirty years ago, the harm that his family has suffered at the hands of Guatemalan gangs, and country conditions reports indicating corruption and deficient law enforcement in Guatemala. On this record, the IJ found that Petitioner had not shown that it was "more likely than not" that he would be tortured in Guatemala upon his removal. This finding is supported by substantial evidence. Petitioner's assault resulted in injuries that did not require medical treatment, and this Court has affirmed the denial of CAT relief in cases involving far more serious injuries. *See, e.g.*, *Vitug v. Holder*, 723 F.3d 1056, 1065–66 (9th Cir. 2013) (multiple beatings over several years);

*Kumar v. Gonzales*, 444 F.3d 1043, 1055–56 (9th Cir. 2006) (multiple death threats and beatings over month-long detention); *Gui v. INS*, 280 F.3d 1217, 1229–30 (9th Cir. 2002) (wiretapping, hit-and-run, extended detention, interrogation, warrantless searches). The BIA considered these injuries alongside the harm Petitioner's family has suffered and the country conditions report he offered when it concluded that he did not face the requisite likelihood of future torture. As nothing in the record "compels a contrary conclusion," *Silva-Pereira*, 827 F.3d at 1185, the BIA's torture finding is supported by substantial evidence.

Petitioner also fails to show that the Guatemalan government would acquiesce in his torture. "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013) (quoting 8 C.F.R. § 208.18(a)(7)). "Government acquiescence does not require actual knowledge or willful acceptance of torture; awareness and willful blindness will suffice." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1184 (9th Cir. 2020) (quoting *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705–06 (9th Cir. 2010)). Nevertheless, "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Id.* (quoting *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016)); *accord Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir.

2017).

Petitioner's argument rests on allegations of generalized violence, corruption, and ineffective law enforcement in Guatemala. He argues that the Guatemalan government is "complicit" in drug trafficking, and that drug cartel members disguise themselves as law enforcement officers with impunity, but fails to cite any record evidence in support of this claim. *Cf. INS v. Phinpathya*, 464 U.S. 183, 188–89 n.6 (1984) (observing that "[c]ounsel's unsupported assertions in respondent's brief" are not evidence of the applicant's entitlement to relief). Moreover, Petitioner's nephew testified that police guarded his hospital room for several months following his kidnapping and attempted murder, and that prosecutors brought charges against his suspected assailants. Although Petitioner argues that the Guatemalan government prosecuted the wrong suspects for this crime, "[e]vidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014); *Barajas-Romero*, 846 F.3d at 363 (requiring evidence that "the police are unwilling or unable to oppose the crime, not just that they are unable to solve it"). Accordingly, the BIA's finding that Petitioner failed to establish government acquiescence is supported by substantial evidence.

**PETITION DENIED.**