**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLENDI VELASQUEZ; H. S. H.-V., Petitioners, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-3869 Agency Nos. A213-613-651 A213-613-652 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2025**

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Petitioner Glendi Velasquez is a native and citizen of Guatemala.[1]  She

petitions for review of a Board of Immigration Appeals ("BIA") order dismissing

her appeal from an Immigration Judge's ("IJ") order (collectively "agency").  The

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Although Velasquez did not mention her minor daughter, H.S.H.-V., in the petition for review, H.S.H.-V. is a derivative beneficiary of Velasquez's asylum application.

agency denied her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the agency's determination that Velasquez failed to demonstrate past persecution. While harm to family members "may contribute to a successful showing of past persecution," such harm must be "part of a pattern of persecution closely tied to the petitioner [her]self." *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (cleaned up). Here, the agency found no evidence linking the murder of Velasquez's husband to persecution of Velasquez herself. Before his murder, Velasquez's husband received two phone calls demanding payment of 5,000 quetzals or else he would "pay the consequences" and "they would go after his family." Velasquez testified that she did not know the identity of the caller or the person who killed her husband 10 to 15 days after the second call. After her husband was murdered, Velasquez moved to a neighboring town with her daughter and lived there for two years without any contact from her husband's killer or gang members.

2. Substantial evidence supports the agency's determination that Velasquez failed to establish an "objectively 'reasonable possibility'" of persecution upon

return to [Guatemala]." *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). Velasquez testified that she fears gangs in Guatemala because of her husband's murder. However, Velasquez conceded that she did not know if a gang member killed her husband and that she has never been directly threatened by a gang. Velasquez has failed to adduce "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution" and thus has not established that she possesses the "objectively reasonable" fear of future harm necessary for asylum relief. *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (cleaned up).

Because Velasquez fails to show an objectively "reasonable possibility" of future persecution, she "necessarily fails to satisfy the more stringent standard for withholding of removal," which requires a petitioner to demonstrate that she would "more likely than not" suffer persecution. *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (cleaned up). Accordingly, substantial evidence supports the denial of Velasquez's claims for asylum and withholding of removal.

3. Substantial evidence supports the agency's finding that Velasquez failed to establish a "chance greater than fifty percent that [s]he will be tortured" if removed to Guatemala. *Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004). Velasquez fails to meet this burden because she has never directly received a threat from a gang and had lived safely in Guatemala for two years after her husband's

murder.  Where a petitioner's fear of torture is "entirely speculative and unsupported by the record," substantial evidence supports the denial of protection under CAT.  *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1201 (9th Cir. 2023).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.

23-3869