NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE RAMON MAIRENA-ZELEDON; NUBIA DEL CARMEN BLANDON-MEZA; JAKELINE SELENA MAIRENA-BLANDON; JULIESKI RAMON MAIRENA-BLANDON,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-98<br><br>Agency Nos.<br>A220-239-568<br>A220-239-569<br>A220-239-570<br>A220-239-571<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Jose Ramon Mairena-Zeledon, his wife Nubia Del Carmen Blandon-Meza,

and their children Jakeline Selena Mairena-Blandon and Julieski Ramon Mairena-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Blandon—natives and citizens of Nicaragua—petition for review of the Board of Immigration Appeals' (BIA) decision dismissing their appeal of an immigration judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We consider only the grounds relied upon by the BIA. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). "[E]xcept to the extent the IJ's opinion is expressly adopted," our "review is limited to the BIA's decision." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted).

1. Asylum and withholding of removal. Mairena-Zeledon's applications for asylum and withholding of removal each require him to demonstrate "a likelihood of persecution or a well-founded fear of persecution." *Sharma v. Garland*, 9 F.4th 1052, 1059–60 (9th Cir. 2021) (cleaned up). This burden can be satisfied by showing past persecution—which creates a rebuttable presumption of future persecution—or an objectively reasonable fear of future persecution. *Id.* at 1060, 1065.

The BIA did not err in finding that any past harm suffered by Mairena-Zeledon does not rise to the level of persecution, which is an "extreme concept." *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (citation omitted). Paramilitaries

apparently threatened Mairena-Zeledon multiple times, but "unfulfilled threats" without actual harm "very rarely [] rise to the level of persecution." *Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021).

True, Mairena-Zeledon also suffered an alleged physical beating in which he was thrown to the ground and kicked in the ribs. But a single instance of offensive contact does not "compel" a finding of persecution. *See Gu*, 454 F.3d at 1020–21. As in *Gu*, Mairena-Zeledon was beaten one time and did not require medical attention. *Id.* And there is no evidence that the paramilitaries took a continuing interest in Mairena-Zeledon after the beating. *Cf. Prasad v. I.N.S.*, 47 F.3d 336, 339 (9th Cir. 1995); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Finally, although Petitioners moved to a rural part of Nicaragua after the beating, they stayed in Nicaragua three more years without facing harassment by the government. *See Gu*, 454 F.3d at 1022.

Mairena-Zeledon does not dispute the BIA's determination that he did not challenge the IJ's finding that he failed to establish a well-founded fear of future persecution. We do not consider arguments not exhausted before the BIA. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Therefore, Mairena-Zeledon fails to show the requisite persecution for Petitioners' applications for asylum and withholding of removal, and we deny these parts of the petition.

2. CAT claim. To qualify for relief under the Convention Against Torture,

24-98

Mairena-Zeledon must establish that "it is more likely than not that he . . . would be tortured if removed to [Nicaragua]." *Hamoui v. Ashcroft*, 389 F.3d 821, 826 (9th Cir. 2004) (citation omitted). Substantial evidence supports the BIA's determination that he failed to make such a showing. Although Mairena-Zeledon points to the Nicaraguan government's history of violence against dissidents, history or country conditions in the abstract will not suffice. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1201 (9th Cir. 2023). Mairena-Zeledon's assertions about conditions in Nicaragua fail to "demonstrate that he would be subject to a *particularized threat* of torture" there. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (citation omitted). Moreover, torture is "more severe than persecution." *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) (citation omitted). So the threats and beating of Mairena-Zeledon that could not establish past persecution also cannot establish a particularized fear of future torture. We thus deny this part of the petition as well.

**PETITION DENIED.**