**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR ANTONIO HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 25-253<br><br>Agency No.<br>A094-148-884<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2025[**]
Pasadena, California

Before: BEA, BADE, and LEE, Circuit Judges.

Petitioner Oscar Antonio Hernandez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his

appeal from an immigration judge's (IJ) decision denying his application for relief

under Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252, and we deny the petition.

We review the denial of deferral of removal under CAT "for substantial evidence." *Benedicto v. Garland*, 12 F.4th 1049, 1063 (9th Cir. 2021). Under this standard, the agency's factual findings are "conclusive unless [every] reasonable adjudicator would be compelled to conclude to the contrary." *Munyuh v. Garland*, 11 F.4th 750, 758 (9th Cir. 2021) (alteration in original) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review legal issues related to CAT claims de novo. *Cole v. Holder*, 659 F.3d 762, 769 (9th Cir. 2011).

1. The parties do not dispute that Hernandez has been removed from the United States to El Salvador. They also agree that Hernandez's removal does not render his petition for review of the denial of CAT protection moot. We agree that the petition is not moot. We can "provide effective relief" because, if we were to grant the petition, we would "at least increase [Hernandez's] chances of being allowed to [return]" to the United States. *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 936 (9th Cir. 2016).

2. Hernandez argues that the agency violated the applicable regulations by failing meaningfully to review the record evidence. The applicable regulations require the agency to consider all relevant evidence submitted on appeal. *See* 8 C.F.R. §§ 1003.1(d)(3), 1208.16(c)(3). We apply a "presumption that the agency reviewed all relevant evidence submitted to it." *Cruz v. Bondi*, 146 F.4th 730, 739

(9th Cir. 2025) (stating that the presumption applies in the CAT context). Accordingly, Hernandez has the "heavy" burden of showing "'clear, affirmative evidence' that the agency did not review the evidence before it." *Id.* at 740 (quoting *Gov't of Guam v. Guerrero*, 11 F.4th 1052, 1060 (9th Cir. 2021)). He has not met his burden. The record reveals that the agency considered Hernandez's testimony and the country conditions evidence and explained why this evidence did not support his eligibility for CAT protection.

3. Hernandez argues that the agency erred by applying a chain of events analysis because it conflicts with Ninth Circuit precedent. He further argues that the application of a chain of events analysis violated his right to due process. To succeed on a due process claim, a petitioner must show error and substantial prejudice. *Grigoryan v. Bondi*, 959 F.3d 1233, 1240 (9th Cir. 2020). When reviewing a due process claim, we "presume that the agency acted 'properly and according to law' in reviewing the evidence before it." *Cruz*, 146 F.4th at 739 (quoting *FCC v. Schreiber*, 381 U.S. 279, 296 (1965)).

We have explained that the chain of events analysis is consistent with our precedent when, as here, the petitioner alleges the likelihood of torture based on a single chain of events coming to fruition. *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154–55 (9th Cir. 2022); *Andrade v. Garland*, 94 F.4th 904, 915 (9th Cir. 2024). Accordingly, the BIA did not err in applying an analytical framework

3                                    25-253

that we have upheld.[1]  Hernandez's failure to show error is dispositive of his due process claim.  *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000).

4.  Substantial evidence supports the denial of Hernandez's CAT claim.  To be entitled to CAT protection, Hernandez was required to demonstrate that "it is more likely than not that he will be tortured if removed" to El Salvador.  *Singh v. Garland*, 57 F.4th 643, 658 (9th Cir. 2023).  The "more likely than not" standard requires the applicant to show a "greater than fifty percent [chance] that he will be tortured if removed."  *Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004).

Hernandez argues that, under the state of exception policy in El Salvador, he is at risk of torture because of his criminal history in the United States.  He relies on country conditions evidence to support his argument.  That evidence establishes that the Salvadoran government targets individuals with gang affiliations.  But Hernandez points to no record evidence indicating that he has gang ties or attributes.  The country conditions evidence mentions "alleged" arrests of persons having "prior contact with the criminal justice system."  Hernandez argues that "prior criminal contact" includes contact with justice systems "abroad," but the record evidence does not support this assertion.

Even if Hernandez were detained, the record does not compel the conclusion that it is more likely than not that he will be tortured.  Although detainees are

---

[1] We also note that the agency considered "all the evidence in its totality."

abused, the number of reports of abuse compared to the number of individuals detained does not compel the conclusion that it is more likely than not that Hernandez will be tortured if detained. The record also does not compel the conclusion that the prison conditions alone would amount to torture for purposes of CAT. Substantial record evidence supports the agency's conclusion that the poor conditions—including overcrowding, food rationing, and violence—are due to a lack of resources, not intentional infliction of harm. *See Matter of A-A-R-*, 29 I. & N. Dec. 38, 44–45 (B.I.A. 2025) (noting that the remedial measures taken by El Salvador refute the argument that the conditions are intended as a means of torture); *see also Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008) (holding that "deplorable" prison conditions did not constitute torture absent an intent to harm).

The record evidence does not compel the conclusion that it is more likely than not that Hernandez will be tortured if removed to El Salvador. *Singh*, 57 F.4th at 658.

**PETITION DENIED.**[2]

---

[2] The motion for a stay of removal is denied. The temporary stay of removal is lifted.

25-253